SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE
NEW YORK 10036-6522

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO

October 27, 2015

Honorable Laura Taylor Swain
United States District Judge
500 Pearl Street
New York, NY 10007

Re: Elisa W. v. The City of New York et al, 15 CV 5273 (LTS)(HP)

Dear Judge Swain:

  I am writing on behalf of The Legal Aid Society, Lawyers For Children Inc. and The Children's Law Center of New York (jointly the "Children's Advocates"). I write regarding the October 23, 2015 request by the City of New York for the Court's permission to disclose the names of the Plaintiff Children in the Elisa W. case to the above-identified Children's Advocates.

  The Children's Advocates represent individual children in the New York City foster-care system and, collectively, represent the vast majority of those foster-care children. Thus, there is a substantial probability that one or more of the named Plaintiff Children in Elisa W. are also individual clients of one of the Children's Advocates. The Children's Advocates seek the names of the Plaintiff Children, on a confidential basis, so that the Advocates can determine, for those Plaintiff Children who they represent, what steps, if any, should be taken in their clients' individual Family Court proceedings to address the very serious allegations made in the Elisa W. case.

  The counsel for Plaintiff Children argue that to divulge the names of the Plaintiff Children would reveal "highly personal and sensitive details of their lives," and that disclosure is unnecessary in connection with representation of these children in their Family Court proceedings. This demonstrates a profound misunderstanding of the Children's Advocates' role for their individual clients in Family Court.

  First, if a Plaintiff Child is represented by a Children's Advocate, that Advocate already has access to the child's foster care records, which contain the highly sensitive and personal information that counsel is seeking to protect. Second, it is the duty and obligation of the Children's Advocates to address the safety and placement issues of their

clients in Family Court. The Children's Advocates need to determine whether there are immediate steps that they should take in Family Court to protect any of the Plaintiff Children whom they also represent, rather than simply wait for the resolution of the Elisa W.

We have sought since July 13, 2015, by several letters and email to counsel for the Plaintiff Children, to obtain the names of the Plaintiff Children on a confidential basis. When counsel for Plaintiff Children have responded to our request, they have simply denied the request, citing confidentiality. The Children's Advocates, perhaps more than anyone, are concerned for the protection of children in foster care. There can be no doubt that the Children's Advocates would maintain the confidentiality of the Plaintiff Children's names.

For all the above reasons, we request that the Court immediately grant this request for disclosure.

Respectfully,

*Vaughn Williams*

Vaughn C. Williams

Cc: Jonathan Pines, Esq.
Julie North, Esq.
Jennifer Levy, Esq.
Alphonso B. David, Esq.
Marcia Robinson Lowry, Esq.