| | | |
|---|---|---|
| The Legal Aid Society | Lawyers For Children | Children's Law Center |
| Juvenile Rights Practice | 110 Lafayette St., 8th Fl | 44 Court Street, 11th Floor |
| 199 Water St., | New York, NY 10013 | Brooklyn, NY 11201 |
| New York, NY 10038 | (212) 966-6420 | (718) 522-3333 |
| (212) 577-3300 | | |

February 11, 2016

The Honorable Laura Taylor Swain
United State District Court
500 Pearl Street
New York, NY 10007

Re: *Elisa W. et al. v. City of New York, et al.*, 15 Civ. 5273 (LTS)(HPB)

Dear Judge Swain:

    We write on behalf of The Legal Aid Society, Lawyers For Children, Inc., and The Children's Law Center of New York regarding Plaintiffs' Motion for Preliminary Approval of Settlement ("Plaintiffs' Motion"). Docket Nos. 95-96. Although we are not parties to this action, we collectively represent the vast majority of children in the foster care system in New York City in Family Court and are intimately familiar with the needs of the putative class. We have litigated and settled several class actions on behalf of foster children, requiring notice to the class in New York City. See *A.M., et al., v. Mattingly*, 10 Civ. 2181 (BMC); *J.G., et al. v. Mills, et al.*, 04 Civ. 5415 (ARR) (SMG); see also *D.B., et al. v. Richter*, Index 402759/11; *G.B., et al. v. Carrión, et al.*, 09 Civ. 10583 (PAC). In light of that knowledge and experience, we ask that the Court consider our concerns regarding the adequacy of Plaintiffs' proposed notice to the class of the proposed settlement and of the proposed methods for its distribution.

    Based upon our extensive experience litigating class actions as well as our understanding of the putative class, we believe that neither the language of the current notice nor its proposed distribution will, in fact, provide sufficient notice to foster children and their legal guardians to enable them to make an informed decision about whether to support or object to the proposed settlement.

## Scope of Distribution

    The notice is appropriately directed to children in foster care and their legal guardians, but needs to be distributed in a way that is designed to reach those legal guardians. For this reason, we would suggest that distribution of the notice should be amended to include the following:

- <u>Parent Representatives and others</u>: Posting at all organizations representing parents of children in Family Court proceedings, specifically Brooklyn

1

       Defender Services, Bronx Defenders, Center for Family Representation and Neighborhood Defender Services. Posting should also be provided to the Assigned Counsel Panel and Legal Information for Families Today (LIFT).

- A Telephone Hotline: A telephone hotline should be established to accept inquiries from class members and their legal guardians who wish to obtain copies of the proposed consent decree. The hotline should also be available to answer procedural questions about how to object to the settlement.

- Spanish Language: The proposed distribution does not acknowledge the fact that many of the families involved in the child welfare system are not proficient English speakers. At a minimum, copies of the notice should be made available in Spanish at each of the distribution points

## Content of Notice

Although the notice contains quite a bit of information about the proposed settlement, it is missing critical information necessary for a class member to make an informed decision about whether to object to the suit. In addition, much of the language used in the notice is not sufficiently simple or straightforward as to convey information to the intended audience. And, the procedure for objecting to the settlement is so onerous as to be discouraging to children in foster care and their legal guardians. Accordingly, the content of the notice should be amended to address the following concerns:

- Missing Information: Two key pieces of information are missing from the proposed notice. First, it fails to describe the class or specify who is bound by the terms of the proposed settlement. The section entitled "Brief Description of the Lawsuit and the Class," in fact, contains no description of the class and no meaningful description of the lawsuit. Second, although the notice describes OCFS's obligations under the terms of the settlement, it fails to mention the class members' reciprocal obligation – i.e., to refrain from suing OCFS for injunctive relief for the duration of the consent decree, which is at least seven years in length. No class member can make an informed decision about whether to object to the suit without knowing that the right to sue in the future is constrained by the settlement.

- Complex Procedure: The notice should be modified to include a specific deadline for submission of objections. Stating that the written objection is to be sent "at least forty-five(45) calendar days before the Fairness Hearing is scheduled", and that the date of the hearing is "to be docketed publicly on ECF" does not provide adequate notice to children in foster care. These provisions are not likely to be understood by anybody other than a lawyer and do not provide clear notice of the date by which objections must be submitted. Furthermore, many children in foster care and their parents do

2

not have easy access to the technology that would allow them to make five copies of their objections. For some, the postage cost for sending five copies of an objection is an expense that is not easily borne. For these reasons, the notice should not require that an objector mail his or her objections to five different locations. The Court Clerk should be the designated receiver and should establish procedures to allow access to the other parties.

<u>Simple Language</u>: The language of the notice should be simplified to allow young people and people with limited education to understand its provisions. Sentences such as "the research expert will produce confidential individual and bi-annual aggregate reports documenting findings of substantial non-compliance, if any" must be rewritten in language that is accessible to the intended audience. In addressing our concerns solely to the adequacy of notice at this juncture, we do not intended to imply that we support the application for approval of the settlement. To the contrary, we also have serious concerns regarding the terms of the proposed settlement and hope that the Court will deny the request for its preliminary approval. If, however, the application is granted, we will submit our objections after the class has received appropriate notice.

Thank you for your consideration of our concerns.

Very truly yours,

_Tamara A. Steckler_
Tamara Steckler, Esq.
Attorney-in-Charge
Juvenile Rights Practice
The Legal Aid Society
tasteckler@legal-aid.org

_Karen Simmons_   LAF
Karen Simmons, Esq
Executive Director
Children's Law Center
ksimmons@clcny.org

_Karen Freedman_   LFC
Karen Freedman, Esq.
Executive Director
Lawyers For Children
kfreedman@lawyersforchildren.org

cc: Counsel for the parties

3