# CRAVATH, SWAINE & MOORE LLP

**MEMO ENDORSED**

JOHN W. WHITE
EVAN R. CHESLER
KRIS F. HEINZELMAN
PHILIP A. GELSTON
RICHARD W. CLARY
JAMES D. COOPER
STEPHEN L. GORDON
DANIEL L. MOSLEY
ROBERT H. BARON
KEVIN J. GREHAN
C. ALLEN PARKER
SUSAN WEBSTER
DAVID MERCADO
ROWAN D. WILSON
CHRISTINE A. VARNEY
PETER T BARBUR
SANDRA C. GOLDSTEIN
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KEITH R. HUMMEL
DAVID J. KAPPOS

DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
PHILIP J. BOECKMAN
ROGER G. BROOKS
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
MARK I. GREENE
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. MCATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
LIZABETHANN R. EISEN
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

——

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER

+1-212-474-1752

WRITER'S EMAIL ADDRESS

jnorth@cravath.com

PAUL H. ZUMBRO
JOEL F. HEROLD
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
TEENA-ANN V. SANKOORIKAL
ANDREW R. THOMPSON
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ERIC L. SCHIELE
ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO
KEVIN J. ORSINI
MATTHEW MORREALE
JOHN D. BURETTA
J. WESLEY EARNHARDT
YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA
STEPHEN M. KESSING
LAUREN A. MOSKOWITZ
DAVID J. PERKINS

JOHNNY G. SKUMPIJA
J. LEONARD TETI, II
D. SCOTT BENNETT
TING S. CHEN
CHRISTOPHER K. FARGO
KENNETH C. HALCOM
DAVID M. STUART
JONATHAN L. DAVIS
AARON H. GRUBER
O. KEITH HALLAM, III
OMID H. NASAB
DAMARIS HERNÁNDEZ
JONATHAN J. KATZ

SPECIAL COUNSEL

SAMUEL C. BUTLER
GEORGE J. GILLESPIE, III

OF COUNSEL

MICHAEL L. SCHLER

April 13, 2016

Elisa W., et al. v. The City of New York, et al.,
15 Civ. 5273-LTS-HBP

Dear Judge Swain:

       I write on behalf of Named Plaintiff Children in the above-referenced action in connection with Named Plaintiff Children's Amended Motion for Class Certification (the "Class Certification Motion"). (See Not. Am. Mot. for Class Cert., Dec. 28, 2015, ECF No. 87.) During the April 5, 2016 conference concerning Named Plaintiff Children's Motion for Preliminary Approval of Settlement, Named Plaintiff Children and City Defendants[1] (the "parties") undertook to meet and confer about two issues concerning the Class Certification Motion: (i) a briefing schedule and (ii) disclosure of confidential information to non-parties (see Hrg. Tr. 23:19-24:4, Apr. 5, 2016 ("Currently we are precluded from doing the kind of preparation of the case that we would like to do because of a protective order that precludes our discussing with family court counsel or even voluntary agencies what happened with respect to plaintiff class member cases. There is a protective order that precludes us from even identifying the class members by name. We would like, of course, to talk to some of these counsel and voluntary agency caseworkers regarding typicality of claims and other class certification related matters.")). After multiple conversations, the parties have been unable to resolve either issue. We respectfully seek the Court's guidance on both issues.

I.    **Briefing Schedule**

       With respect to the briefing schedule, City Defendants have proposed that they file their response to the Class Certification Motion on May 23, 2016. City Defendants say that in order to respond to the motion, they need this time to speak to individuals involved in the day-to-day care of Named Plaintiff Children. Named Plaintiff Children believe that this is unreasonable. The Class Certification Motion was filed in December 2015. City Defendants knew then that they would want to speak with those individuals but, for reasons known only to

---

[1] As used herein, "City Defendants" refers to the City of New York; the New York City Administration for Children's Services ("ACS"); and Gladys Carrión, Commissioner of ACS, in her official capacity.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-14-2016

Case 1:15-cv-05273-LTS-HBP   Document 146   Filed 04/14/16   Page 2 of 3
Case 1:15-cv-05273-LTS-HBP   Document 144   Filed 04/13/16   Page 2 of 3

2

them, chose not to begin those discussions. While City Defendants state that they are not interested in, or intending to, delay the litigation against them, their actions to date have had that effect. Named Plaintiff Children request that City Defendants be required to respond to the Class Certification Motion on or before April 29, 2016, and that Named Plaintiff Children's reply be filed on or before May 9, 2016.

## II. Disclosure of Confidential Information to Non-Parties

The second issue—which City Defendants raised for the first time during the April 5, 2016 conference—relates to with whom City Defendants can discuss Named Plaintiff Children's case files and for what purpose. City Defendants represented to the Court that they need to be able to discuss Named Plaintiff Children's case files with their caseworkers and lawyers in order to respond to the Class Certification Motion. Named Plaintiff Children have agreed to supplement the Protective Order to accommodate this request and proposed language in the form of an order to supplement the Protective Order, attached hereto as Exhibit 1.[2] This order would allow City Defendants to speak to and disclose Confidential Information to third parties directly involved in Named Plaintiff Children's care—namely their caseworkers, any Voluntary Agency employees who act directly as caseworkers when Named Plaintiff Children have been without a caseworker (such as supervisors) and their lawyers providing day-to-day representation in Family Court—so long as those conversations and the disclosure of Confidential Information are for purposes of responding to the Class Certification Motion. In response, City Defendants said that they could not agree to those limitations because (i) they would like to speak with individuals at the legal services organizations representing children in Family Court who are not involved in the day-to-day representation of Named Plaintiff Children and (ii) they plan to use information learned during the conversations not only to respond to the Class Certification Motion, but also for purposes of objecting to the proposed Consent Decree.

Putting aside whether City Defendants have standing to object to the proposed Consent Decree (they do not),[3] City Defendants already requested the ability to disclose the identities of Named Plaintiff Children to these legal services organizations, and the Court denied that request. (*See* Ltr. from J. Pines to Judge Swain, Oct. 26, 2015, ECF No. 57; Order, Oct. 29, 2015, ECF No. 64.) The Legal Aid Society, Lawyers for Children and the Children's Law Center themselves have also requested and been denied disclosure of the identities of Named Plaintiff Children. (*See* Ltr. from V. Williams to Judge Swain, Oct. 27, 2015, ECF No. 60; Order, Oct. 29, 2015, ECF No. 64.) City Defendants' current proposal would be an end-run around the Court's Order.

Named Plaintiff Children maintain that disclosure of the identities of Named Plaintiff Children and their Confidential Information to these entities is inappropriate. As set forth in greater detail in Nicole Peles's October 26, 2015 and October 28, 2015 letters to the

---

[2] The proposed order has also been separately emailed to Orders and Judgments Clerk pursuant to this Court's Individual Practice Rule A.4.a.

[3] As set forth in prior submissions to the Court, City Defendants do not have standing to object to the proposed Consent Decree. (*See* Ltr. from J. A. North to Judge Swain, Feb. 1, 2016, ECF No. 103; Reply Further Supp. Mot. Prelim. Approval Settlement, ECF No. 112; Ltr. from J. A. North to Judge Swain, Apr. 4, 2016, ECF No. 139.)

Case 1:15-cv-05273-LTS-HBP   Document 146   Filed 04/14/16   Page 3 of 3
Case 1:15-cv-05273-LTS-HBP   Document 144   Filed 04/13/16   Page 3 of 3

3

Court, these non-parties do not represent Named Plaintiff Children in this litigation and do not have any need for the identities of Named Plaintiff Children in connection with representation of any child in Family Court. (*See* Ltr. from N. Peles to Judge Swain, Oct. 26, 2015, ECF No. 59; Ltr. from N. Peles to Judge Swain, Oct. 28, 2015, ECF No. 63.) City Defendants' preparation to respond to the Class Certification Motion should not be an excuse to disclose the identities and Confidential Information of Named Plaintiff Children to those without any role in their day-to-day care and who have indicated that they seek this information to undermine the proposed Consent Decree (*see* Ltr. from J. Pines to Judge Swain 3, Oct. 26, 2015, ECF No. 57 (the non-parties "might well wish to apprise the Court of facts and circumstances in their clients' cases not necessarily reflected in the one-sided case facts sketched out in the Complaint, which presumably form the basis for the burdensome and intrusive oversight threatened to be imposed by the proposed Consent Decree, that these groups have publicly and powerfully denounced")). And, to the extent that non-party service providers like The Legal Aid Society, Lawyers for Children and the Children's Law Center wish to object to the proposed Consent Decree, they may seek to intervene in the litigation if they believe that they meet the requisite test (they do not) and, in the event that their motion to intervene is granted, they can take discovery for purposes of objecting to the proposed Consent Decree. Until then, there is no basis on which they should be permitted to take discovery in this litigation, and City Defendants should not be permitted to share Confidential Information of Named Plaintiff Children with anyone other than the individuals involved in the day-to-day care of Named Plaintiff Children. Accordingly, Named Plaintiff Children request that the Court enter the proposed order supplementing the Protective Order.

Named Plaintiff Children are available to discuss these issues at the Court's convenience.

Respectfully submitted,

*Julie A. North/RJX*

Julie A. North

The Honorable Laura Taylor Swain
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

SO ORDERED:

/s/ 4/14/16
HON. LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

*Handwritten note:* The protective order and scheduling issues raised in this letter are now referred to Magistrate Judge Pitman. The parties are directed to contact his chambers promptly to request a conference.