UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELISA W., by her next friend, Elizabeth Barricelli, *et al.*,

                      Plaintiffs,

-against-

THE CITY OF NEW YORK, *et al.*,

                      Defendants.

15 Civ. 5273 (LTS) (HBP)

---

## LOWRY DECLARATION IN OPPOSITION TO DEFENDANTS' CROSS-MOTION

I, MARCIA ROBINSON LOWRY, declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am co-counsel for the Named Plaintiff Children in the above-captioned lawsuit and submit this declaration in response to the City of New York's ("City Defendant's") opposition to Named Plaintiff Children's motion to substitute Yusuf El Ashmawy as next friend for plaintiff Brittney W. and City Defendant's cross-motion to dismiss the next friends of 17 of the 19 Named Plaintiff Children. I have worked on this case since 2014, and I am fully familiar with the circumstances of the Named Plaintiff Children and with the next friends who appear on their behalf in this lawsuit.

2. Plaintiffs in this lawsuit do not seek any particular custodial result in any child's case. Such custodial determinations are made by the Family Court and often implicate the rights and interests not only of the child, but also the child's biological family, foster family and any prospective adoptive family. Plaintiffs do not seek to interfere with those proceedings or the resulting determinations.

3. Instead, Plaintiffs seek to require City Defendant to comply with its legal obligation to protect the children in its care from maltreatment, to secure permanency for those children in accordance with timelines set out by state and federal law, and to provide those children with necessary services while they are in care. Plaintiffs pursue these outcomes—which are indisputably in the best interests of all children in foster care—by challenging the New York City child welfare system's failure to operate in compliance with federal and state law, the lack of oversight by the Administration for Children's Services of the voluntary agencies with which it contracts, and the lack of oversight exercised by the state Office of Children and Family Services over these voluntary agencies and over the Administration for Child Services ("ACS").

4. At the time this lawsuit was filed, and when the complaint was amended, the Named Plaintiff Children ranged in age from 17 to one year old, with 15 of the 19 plaintiffs under the age of 10. We have spoken at length with the oldest plaintiff, Elisa W., who has submitted a declaration in connection with the present motion.

5. Before filing this lawsuit, counsel for Named Plaintiff Children met with representatives of the Legal Aid Society, whose lawyers represent 11 of the plaintiffs in their Family Court proceedings. The Legal Aid Society declined to participate in the present lawsuit. The other eight Named Plaintiff Children are represented by counsel appointed pursuant to County Law Article 18-B. We have attempted to contact those attorneys and have spoken to the lawyers for Named Plaintiff Children Myls J. and Malik M.

6. Before filing this lawsuit, counsel for Named Plaintiff Children also met and/or spoke with adults—typically either the children's biological parents, foster parents or other family members—who are familiar with each of the Named Plaintiff Children and their cases.

7. Each of the adults with whom we met have conflicts of interest with regard to the individual child's case, which would make it problematic for them to serve as next friends; but all provided useful information in learning about the child's history and experiences in the New York City child welfare system.

8. We asked the adults with whom we met whether they could identify any other adults in the children's lives who might serve as next friends. Certain next friends—namely Alison Max Rothschild, Meyghan McCrea and Elizabeth Barricelli—were identified as individuals who knew the individual Named Plaintiff Children personally and were willing to serve as next friends. In the majority of cases, however, counsel for Named Plaintiff Children was unable to identify suitable adult candidates in the children's lives.

9. The City Defendant's violations of existing state and federal law and professional practices can be established most reliably through reviews of the children's case records, not through discussions with the Named Plaintiff Children—many of whom are very young and several of whom suffer from emotional, behavioral or developmental challenges. As a result of our discussions with adults who are familiar with the Named Plaintiff Children, Plaintiffs' counsel was afforded an opportunity to review some of the court records in preparation for the filing of this lawsuit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 11, 2017.

*Marcia Robinson Lowry*
Marcia Robinson Lowry