UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ELISA W., by her next friend Elizabeth
Barricelli, et al.,

       Plaintiffs,

 -v-                                                                                         No. 15 CV 5273-LTS-HBP

THE CITY OF NEW YORK, et al.,

       Defendants.

-------------------------------------------------------x

MEMORANDUM OPINION AND ORDER

       On July 8, 2015, the named plaintiff children ("Named Plaintiff Children") and New York City Public Advocate Letitia James ("James" and, together with the Named Plaintiff Children, "Plaintiffs") filed the instant action, on behalf of themselves and a purported class of plaintiffs, asserting claims under the First, Ninth, and Fourteenth Amendments to the United States Constitution, the Adoption Assistance and Child Welfare Act of 1980, 42 U.S.C. § 670 et seq. (the "AACWA") (pursuant to 42 U.S.C. § 1983), New York State Social Services Law and the common law of contracts against the City of New York (the "City"), the New York City Administration for Children's Services ("ACS"), ACS Commissioner Gladys Carrion ("Carrion" and, together with the City and ACS, the "City Defendants"),[1] the New York State Office of Children and Family Services ("OCFS") and OCFS Acting Commissioner Sheila J. Poole

---

[1]     Carrion is sued in her official capacity as ACS Commissioner only. (See Docket Entry Nos. 1 ("Complaint") and 91 ("Amended Complaint").)

("Poole" and, together with OCFS, the "State Defendants"),[2] stemming from alleged deficiencies in New York City's foster care system. (See generally Complaint; Amended Complaint.) Plaintiffs filed the Amended Complaint on December 29, 2015. The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1367.

The City Defendants now move for partial summary judgment, seeking dismissal of six of the Named Plaintiff Children from this action on the grounds that their claims have become moot. (Docket entry no. 297.) The Court has carefully considered the submissions of both parties in connection with the instant motion. For the following reasons, Defendants' motion is denied.

BACKGROUND

The Court assumes the parties' familiarity with the claims in this long-running and complex litigation, which have been set forth with particularity in prior opinions of the Court. For the purposes of this summary judgment motion, the only relevant fact—which is not disputed by the Plaintiffs—is that six of the Named Plaintiff Children, namely Alexandria R., Oliva R., Ana-Maria R., Dameon C., Xavion M., and Elisa W., are no longer in the custody of ACS. (See generally docket entry no. 310, Named Plaintiff Children's Responses to City Defendant's Statement of Facts Not in Dispute.)

DISCUSSION

When it comes to standing, "in essence the question . . . is whether the litigant is entitled to have the court decide the merits of the dispute" by invoking its jurisdiction. Crist v. Commission on Presidential Debates, 262 F.3d 193, 194 (2d Cir. 2001). To demonstrate

---

[2] Poole is sued in her official capacity as OCFS Acting Commissioner only. (See Complaint; Amended Complaint.)

constitutional standing, a plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.  Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016).  While the standing doctrine evaluates the litigant's personal stake at the outset of a case, "the mootness doctrine ensures that the litigant's interest in the outcome continues throughout the life of the lawsuit."  Cook v. Colgate Univ., 992 F.2d 17, 19 (2d Cir. 1993) (citing United States Parole Comm'n v. Geraghty, 445 U.S. 388, 396–97 (1980); Etuk v. Slattery, 936 F.2d 1433, 1441 (2d Cir. 1991)).  In general, "a case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome."  Cnty. of Los Angeles v. Davis, 440 U.S. 625, 631 (1979) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969) (internal quotation marks omitted)).

The mootness doctrine is not, however, absolute.  Among the exceptions to the mootness doctrine is one for claims that are "capable of repetition, yet evading review."  Roe v. Wade, 410 U.S. 113, 125 (1973).  Moreover, the application of the mootness doctrine in class action cases is complex, and hinges on the timing of certification of the class.  "[I]n general, if the claims of the named plaintiffs become moot prior to class certification, the entire action becomes moot.  In contrast, class certification will preserve an otherwise moot claim."  Comer v. Cisneros, 37 F.3d 775, 798 (2d Cir. 1994) (internal citation omitted).

Comer is instructive here.  In that case, the putative plaintiff class was comprised of minority residents of public housing projects.  Id. at 779.  The district court granted motions to dismiss the complaint, and denied class certification.  Id. at 786.  On appeal, the United States Court of Appeals for the Second Circuit reversed, ordering the district court to certify the classes.  Id. at 797.  Having done so, the Second Circuit turned to evaluation of the plaintiffs' argument

that the claims could not be mooted by a particular named plaintiff's departure from the public housing at issue, because the population of public housing projects is inherently transitory. Id. at 798-99. The Second Circuit noted that "under the appropriate circumstances, class certification may relate back to the filing of the complaint." Id. at 799 (citing Cnty. of Riverside v. McLaughlin, 500 U.S. 44, 51–52 (1991)). Given the nature of the population at issue, the Second Circuit in that case held that class certification appropriately related back to the date of the original complaint. Id. ("But what if the claims are transitory in some sense, like the nature of the population of a public housing market? And, what result if, after an extended delay while a motion for class certification is pending, a suit is dismissed on standing and mootness grounds, without class certification? Given the circumstances of this case, in particular, the transitory nature of the public housing market and the court's failure to pass upon the plaintiffs' motion for class certification for over two years, we now hold that this class certification relates back to the original filing.").

Turning to the present case, the putative class of children in ACS custody has every hallmark of an inherently transitory population. Every member of the class will necessarily leave it, as ACS oversight terminates when a child reaches 21 years of age. Some children will enter and leave ACS custody multiple times during their lives because of factors entirely outside of their control. While the Court denied the plaintiffs' first motion for class certification, that denial was without prejudice to renewal. As Comer and McLaughlin make clear, the Court has the power upon certification of the class to relate that certification back to the date of the original compliant, when all of the Named Plaintiff Children were in ACS custody. That determination is appropriately litigated in the context of class certification, not by piecemeal consideration of mootness arguments attacking the standing of individual plaintiffs as

of particular points in the course of the pretrial proceedings.  See, e.g., Sosna v. Iowa, 419 U.S. 393, 402 n.11 (1975) ("[W]hether the certification can be said to 'relate back' to the filing of the complaint may depend upon the circumstances of the particular case and especially the reality of the claim that otherwise the issue would evade review."); Crisci v. Shalala, 169 F.R.D. 563, 567 (S.D.N.Y. 1996) ("Relation back is also appropriate where, as here, the claims of the named plaintiff have become moot before a motion for class certification is filed so long as a justiciable controversy existed some time prior to class certification." (internal quotation marks omitted)).

## CONCLUSION

Accordingly, because the Court has not yet made a final determination as to whether this case will proceed as a class action, Defendants' motion for partial summary judgment dismissing the six Plaintiffs' claims on the grounds of mootness is denied.  This Memorandum Opinion and Order resolves docket entry no. 297.

SO ORDERED.

Dated: New York, New York
      September 1, 2017

      /s/ Laura Taylor Swain
      LAURA TAYLOR SWAIN
      United States District Judge