UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

ELISA W., et al.,

       Plaintiffs,

  -v-                                                      No. 15 CV 5273-LTS-HBP

THE CITY OF NEW YORK, et al.,

       Defendants.

-------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER

       Defendant Sheila J. Poole (the "Commissioner"), Acting Commissioner of the New York State Office of Children of Family Services ("OCFS"), has moved to dismiss the Third Cause of Action of the operative Amended Class Action Complaint (docket entry no. 91 (the "AC")). The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331. The Court has considered the parties' submissions in connection with the instant motion practice carefully and, for the following reasons, the motion to dismiss is granted in part and denied in part.

## BACKGROUND

       The Court assumes the parties' familiarity with the allegations of the AC, which have been set forth with particularity in prior opinions of the Court, including the September 12, 2016, Opinion and Order that granted in part and denied in part a prior partial motion to dismiss, and is incorporated by reference here. (Docket entry no. 278, Opinion and Order (the "2016 Opinion").) The following recitation of facts is limited to those relevant to the instant motion practice.

       The Third Cause of Action in the AC asserts claims under 42 U.S.C. § 1983 arising under AACWA, 42 U.S.C. § 670 et seq. (AC ¶¶ 347-49.) In the Third Cause of Action,

the Public Advocate and the putative class of named plaintiff children (the "Named Plaintiff Children" and, together with the Public Advocate, "Plaintiffs")) assert, inter alia, claims against the Commissioner for violation of various sections of AACWA. (Id.) In the instant motion, the Commissioner argues that the Third Cause of Action should be dismissed as against her because: (1) the Public Advocate does not have capacity or standing to sue the Commissioner; and (2) AACWA does not provide a private right of action for the Named Plaintiff Children, who therefore fail to state a claim for which relief may be granted by this Court.

In the 2016 Opinion, the Court considered a previous motion to dismiss Plaintiffs' AACWA claim brought by other named defendants, who similarly argued that the AACWA does not provide a private right of action. After carefully considering each section of AACWA identified by the AC, the Court dismissed paragraphs 348(a), (c), (d), (e), (f), and (j) of the AC as against the moving defendants. (2016 Opinion, pp. 9-183.)

## DISCUSSION

To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Court accepts as true the non-conclusory factual allegations in the complaint and draws all inferences in the Plaintiff's favor. Roth v. Jennings, 489 F.3d 499, 501 (2d Cir. 2007); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009).

The Commissioner has moved to dismiss the Public Advocate's claims on the ground that the Public Advocate, an officer of the City of New York (the "City"), lacks the capacity or standing to sue the Commissioner, an officer of the State of New York (the "State"). As an initial matter, the Court construes this aspect of the Commissioner's motion as asserting

that the Public Advocate fails to state a claim for which relief can be granted due to lack of capacity. See, e.g., Klebanow v. N.Y. Produce Exch., 344 F.2d 294, 296 n.1 (2d Cir. 1965).[1]

Pursuant to Federal Rule of Civil Procedure 17(b)(3), the Public Advocate's capacity to sue is determined by the law of the State of New York, where this Court is located. Under New York law, governmental entities like the Public Advocate "have neither an inherent nor a common-law right to sue. Rather, their right to sue, if it exists at all, must be derived from the relevant enabling legislation or some other concrete statutory predicate." Cmty. Bd. 7 of Borough of Manhattan v. Schaeffer, 84 N.Y.2d 148, 155-56 (1994) (internal citations omitted). This statutory predicate need not be explicit; rather, "the power to bring a particular claim may be inferred when the agency in question has functional responsibility within the zone of interest to be protected." Id. at 156 (internal quotation marks omitted).

The capacity of the Public Advocate to sue in the context of the enumerated responsibilities of that official under the New York City Charter is well-established. See, e.g., Green v. Safir, 174 Misc.2d 400, 405-06 (N.Y. Sup. Ct. 1997), aff'd, 255 A.D.2d 107 (N.Y. App. Div. 1st Dep't 1998). However, that capacity is not unlimited. In cases involving the scope of the Public Advocate's capacity to sue, New York courts have described the Public Advocate's role as being "in essence, to oversee city agencies, perform related investigations, and attempt to resolve individual complaints concerning city services." Matter of James v. Donovan, 130 A.D.3d 1032, 1034 (N.Y. App. Div. 2d Dep't 2015). The question of the Public Advocate's

---

[1] The Public Advocate asserts that the Comptroller's failure to preserve that defense during the course of settlement negotiations should act as a waiver. The Court does not agree. While a party's actions in litigation may constitute a waiver by implication, the Court declines to extend that principle to the context of settlement negotiations, in which a party's actions are meaningfully separate from adversarial litigation. Accordingly, the Court concludes that the Commissioner has not waived the defense of lack of capacity, which is asserted here in the Commissioner's first responsive pleading pursuant to Federal Rule of Civil Procedure 12(h).

capacity to sue State agencies was presented squarely by Matter of Madison Square Garden, L.P. v. New York Metropolitan Transportation Authority, in which the Public Advocate attempted to state claims against a State agency. 19 A.D.3d 284, 285 (N.Y. App. Div. 1st Dep't 2005). In that case, the Appellate Division held plainly that the Public Advocate "was without capacity" to sue a State agency because the Public Advocate's "duty is to be a watchdog over City government," but the defendant was "not part of city government." Id. (internal quotation marks and citations omitted).

The Public Advocate cites no case in which she or her predecessors was held to have capacity to sue a State agency or its officers. The case on which the Public Advocate principally relies, In re Long Island College Hospital, explicitly recognized the general rule that "the Public Advocate does not have authority to bring [a] proceeding against a state government agency" and noted that recognizing the Public Advocate's capacity to sue in that case "does not deviate from those rulings as the instant matter does not challenge the actions of a state agency acting as such." 980 N.Y.S.2d 276, at *6 (N.Y. Sup. Ct. Kings Cnty. 2013). Thus, rather than supporting the Public Advocate's position, In re Long Island College Hospital only reaffirms the general proposition that the Public Advocate does not have the capacity to sue a state agency (or, here, its officers in their official capacity).

Accordingly, the Court concludes that, under New York law, the Public Advocate does not have the capacity to sue a State agency or its officers in their official capacity, and the Commissioner's motion to dismiss the Public Advocate's claims against her is granted.

The Commissioner also moves to dismiss the Named Plaintiff Childrens' claims under AACWA. These arguments are addressed by the 2016 Opinion, which governs here as the law of the case. Arizona v. California, 460 U.S. 605, 618 (1983) ("[W]hen a court decides upon

a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."). Although the Commissioner correctly notes that the law of the case doctrine does not preclude the Court from revisiting its prior holdings, the Court declines to do so here. The Court has reviewed carefully the Commissioner's arguments, and concludes that they provide no basis to undermine the Court's conclusions in the 2016 Opinion, whose reasoning is adopted here in full. Accordingly, the Third Cause of Action is dismissed as against the Commissioner to the extent stated in the 2016 Opinion, and the Commissioner's motion is otherwise denied.

## CONCLUSION

For the foregoing reasons, the Commissioner's motion to dismiss the Third Cause of Action is granted in part and denied in part. The Public Advocate's claims against the Commissioner in the Third Cause of Action are dismissed. The Named Plaintiff Childrens' claims against the Commissioner as described in paragraphs 348(a), (c), (d), (e), (f), and (j) of the AC are dismissed. The Commissioner's motion is denied in all other respects.

This Memorandum Opinion and Order resolves docket entry no. 340. This case remains referred to Magistrate Judge Pitman for general pre-trial management.

SO ORDERED.

Dated: New York, New York
September 11, 2017

                                                                   /s/ Laura Taylor Swain
                                                                   LAURA TAYLOR SWAIN
                                                                   United States District Judge