UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
ELISA W., by her next friend     :
Elizabeth Barricelli, et al.,
                                 :    15 Civ. 5273 (LTS)(HBP)
             Plaintiffs,
                                 :    OPINION
    -against-                         AND ORDER
                                 :
THE CITY OF NEW YORK, et al.,
                                 :
             Defendants.
                                 :
-----------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/20/18

PITMAN, United States Magistrate Judge:

I write to resolve a dispute between the parties concerning plaintiffs' application to compel the production of drafts of certain policies and procedures of the defendant City of New York ("the City").

The facts of this case are set forth in the Opinion and Order of the Honorable Laura Taylor Swain, dated September 12, 2016, Elisa W. v. City of New York, 15 Civ. 5273 (LTS)(HBP), 2016 WL 4750178 (S.D.N.Y. Sept. 12, 2016) and my Report and Recommendation, dated February 28, 2018, Elisa W. v. City of New York, 15 Civ. 5273 (LTS)(HBP), 2018 WL 1413254 (S.D.N.Y. Feb. 28, 2018), adopted at 2018 WL 1406618 (S.D.N.Y. Mar. 20, 2018). Familiarity with these decisions is assumed.

The present dispute arises out of plaintiffs' request for drafts of the City's policies. The City claims that the drafts are not responsive to plaintiffs' requests, irrelevant and

that their production would be disproportionate to the needs of the case. The City also claims that the documents are subject to the deliberative process privilege, although that issue is not currently before me.

Given that the City has listed the documents on its schedules of documents withheld on the ground of privilege, I conclude that the City has waived any claim of non-responsiveness. Relevance, however, is a closer case.

The parties appear to agree in substantial part that the standard for liability is deliberate indifference. In its most-recent published decision addressing deliberate indifference, albeit in a different context, the Court of Appeals described the claim as having two elements:

> A pretrial detainee may establish a § 1983 claim for allegedly unconstitutional conditions of confinement by showing that the officers acted with deliberate indifference to the challenged conditions. See Benjamin, 343 F.3d at 50. This means that a pretrial detainee must satisfy two prongs to prove a claim, an "objective prong" showing that the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process, and a "subjective prong" -- perhaps better classified as a "mens rea prong" or "mental element prong" -- showing that the officer acted with at least deliberate indifference to the challenged conditions. The reason that the term "subjective prong" might be a misleading description is that, as discussed below, the Supreme Court has instructed that "deliberate indifference" roughly means "recklessness," but "recklessness" can be defined subjectively (what a person actually knew, and disregarded), or objectively (what a reasonable person knew, or should have known). See Farmer v. Brennan, 511 U.S. 825, 836-37, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

Darnell v. Pineiro, 849 F.3d 17, 29 (2d Cir. 2017); accord Roland v. Ponte, 17 Civ. 2758 (LGS), 2018 WL 4609109 at *4 (S.D.N.Y. Sept. 25, 2018) (Schofield, D.J.). Plaintiffs claim that drafts of the City's policies will be relevant to show risks actually known to, but disregarded by, defendants.

Although plaintiffs' argument is cogent, I conclude that other factors weigh in favor of denying plaintiffs' application for production. The risk involved in this case is the risk that a foster parent will abuse or neglect a foster child. It is close to a certainty that the City will not be able to seriously claim that it was unaware of this risk. Hardly a month goes by without a news story about a truly tragic story of child abuse or neglect perpetrated by either a birth or foster parent. The City's Administration for Children's Services ("ACS") web site has multiple references to child abuse and neglect, how to identify it and how to report it. Sadly, abuse and neglect of foster children is not a recent phenomenon. See People v. Steinberg, 79 N.Y.2d 673, 595 N.E.2d 845, 584 N.Y.S.2d 770 (1992) (affirming the manslaughter conviction of a notorious "adoptive" parent for failing to provide medical care for a six-year-old child). The City's employees will, I believe, have a difficult time credibly claiming that they were unaware of the risk of abuse and neglect by foster parents, especially given the nature of ACS's mission.

The second factor that bears on plaintiffs' application is the nature of the request -- all drafts of certain policies. It is highly probable that the vast majority of the drafts differ from the final versions in immaterial respects, such as diction, punctuation, spelling, sentence order, etc.

Since December 2015, the concept of proportionality has taken on heightened significance in discovery. Vaigasi v. Solow Mgm't Corp., 11 Civ. 5088 (RMB)(HBP), 2016 WL 616386 at *13-*14 (S.D.N.Y. Feb. 16, 2016). Proportionality focuses on the marginal utility of the discovery sought. Zubulake v. UBS Warburg, LLC, 217 F.R.D. 309, 322-23 (S.D.N.Y. 2003) (Scheindlin, D.J.); Jill C. Rice & Steven M. Puiszis, Returning to Proportionality, 58 No. 1 DRI for Def. 14 (Jan. 2016); see also Hagemeyer N. Am., Inc. v. Gateway Data Scis. Corp., 222 F.R.D. 594, 602 (E.D. Wis. 2004). The fact that particular information is relevant does not mean that its production will always be proportional to the needs of the case. If relevance alone always rendered information discoverable, the proportionality limitation would be meaningless.

Although at least some of the drafts plaintiffs seek may be relevant, I conclude that requiring their production would not be proportional to the needs of the case. To the extent drafts contain only grammatical and similar edits, they will add nothing. To the extent they bear on the defendants' knowledge of

4

the risks of abuse and neglect, they bear on an issue that defendants would be foolish to deny. Thus, although potentially relevant, I believe the drafts have little incremental probative value.

Accordingly, for all the foregoing reasons, plaintiffs' application to compel the production of drafts of certain of defendants' policies is denied.

Dated: New York, New York
December 20, 2018

SO ORDERED

*[signature]*
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel