# WINGATE, KEARNEY & CULLEN, LLP

RICHARD J. CEA
CLAIRE STEINMAN *
JOHN M. KURKEMELIS

KRISTIN L. WILLIAMS

OF COUNSEL:

PETER N. ZOGAS
JENNIFER ARDITI
KREUZA GANOLLI *

*ALSO ADMITTED IN NEW JERSEY

ATTORNEYS AND COUNSELLORS
ESTABLISHED IN 1864
45 MAIN STREET - SUITE 1020
BROOKLYN, NEW YORK 11201-1032
TELEPHONE (718) 852-5900
FACSIMILE (718) 852-8168

GEORGE W. WINGATE  (1864-1928)
KEVIN M. KEARNEY (1978-2015)
HENRY J. CULLEN  (1864-1898)

LONG ISLAND OFFICE
445 BROAD HOLLOW ROAD
SUITE 400
MELVILLE, NEW YORK  11747
TELEPHONE (631) 694-5500

August 13, 2019

**VIA ECF**
United States District Court
Southern District of New York
Hon. Laura Taylor Swain
500 Pearl Street, Court room 17C
New York, New York 10007

Re:   Elisa W. et al. v. The City of New York, et al.
      Index No.: 15 CV 5273-LTS-HBP

Dear Judge Swain,

   This office represents the foster care agency Coalition for Hispanic Family Services (hereinafter, "CHFS"). CHFS was subpoenaed to testify and did so under a Protective Order which guaranteed their confidentiality.

   Counsel for Plaintiff has made this office aware of the Court's Order dated July 30, 2019 which will make certain excerpts of testimony unsealed as of August 14, 2019. This office did not consent to the testimony being available for public use. Counsel has also indicated that they no longer wish to use most of the testimony previously indicated, but only one excerpt portion.

   As such, we are writing to object to the portions of testimony given by CHFS becoming unprotected after August 14, 2019. We ask that these portions remain under seal for any and all future purposes, or until a new motion is brought seeking their public use, at which time we will make objections again. Upon review of the *Lugosch v. Pyramid Co.*, 435 F.3d 110, this matter does not apply to support this instant unused testimony at issue, and may consider a countervailing interest in privacy for the portion which is.

   As far as this office can ascertain, the testimony herein disputed is not being used for purposes of determining the outcome of a dispositive motion, which is the compelling interest cited in *Lugosch*. While this office made multiple requests to review the document wherein consent is being requested to use such testimony, we have never received a response on this or copies of any documents.

   After counsel made this office aware that they had decided to file the document under seal, a review of PACER seems to indicate that the document is a motion to certify classes. This is not testimony being used to adjudicate the outcome of this matter. Therefore, this testimony does not bear weight on a decision which affects the decision on this matter, only on an organizational function of certifying classes. *Lugosch* is clear that the reason judicial documents have a strong presumption of access is due to the public's

right of access "based on the need for federal courts to have a measure of accountability and for the public to have confidence in the administration of justice." *Id*, at 21.

This testimony is not being used in this instant document toward the dispositive administration of justice. It is improper to support the removal of protection for confidential statements under this analysis as the unused testimony does not even qualify as a judicial document. Therefore the idle testimony is not relevant to the performance of the judicial function or useful in the judicial process as it is not being considered in the outcome of this lawsuit. It therefore holds no value toward a material issue in the exercise of this Court's judicial powers, and thus there is no weight toward a presumption of access.

*Lugosch* also states that, if the Court determines that a presumption of access attaches, it must then consider competing considerations. For the testimony which is still being utilized, it is imperative to consider one such countervailing factor cited in *Lugosch*- the privacy interest of those resisting disclosure. CHFS is a foster care agency which relies upon its relationships with its clients who believe they are assured confidences in all respects. CHFS agreed to cooperate with this subpoena only because it was guaranteed that any statements would remain confidential. Had CHFS known that this promised protection would later be taken reneged, there would have been a motion to quash. Trusting that this confidentiality eliminated the need to be concerned, so to now remove the protection not only robbed them of their opportunity to move to quash such, but amounts to what can only be deemed as trickery.

The Court should find that there is a compelling interest for the judicial process to honor the confidential protection. If Orders of Protection are not honored, this will chill any witness's trust and comfort with cooperating in such depositions, and will become a barrier to obtaining truthful and full testimony as well as a barrier to reaching expedient agreements to cooperate in the future. Demonstrating that an Order of Protection is not a guarantee will only necessitate the need to move to quash every subpoena offered with confidential protections, as this no longer is a true agreement of protection.

The privacy concern herein is that CHFS gave testimony that they were not comfortable to give, but did so in respect of and in the interests of justice and the judicial process, with the promise of confidence. It is similar to an employee whose deposition is taken with respect to their current employer. It is a delicate situation wherein they have to trust in their given protections so that they can feel safe to be fully truthful and still able to return to their job without fear of retaliation. CHFS relies on their contracts with ACS to survive as a foster care agency. It is not fair or prudent to set the precedent that honest testimony under oath will later be used to harm or interfere with the agency's business or any other non-party witness.

While this office understands the policy and law relied upon under the standards of *Lugosch*, it is simply inapplicable to this particular set of facts and circumstances for the unused testimony, and countervailing privacy interest outweighs the need for public access on the portion which is used. CHFS is requesting that any and all testimony which will lose protection as of August 14, 2019 under the Order dated July 30, 2019 remain under seal. There is no reason to provide public access to any portions of sensitive and confidential testimony which are not being considered by the Court in adjudicating this matter. Removing protection only serves to provide opportunity to harm the relationship of the non-party witness CHFS with the City, and jeopardize the contracts in which they depend on upon. It also serves to harm any future cooperation in this matter or any others that may come in the future. In the event that the Court determines that the testimony used in the document will not retain confidentiality, it is requested that the unused portions remain confidential.

Respectfully,

*Kristin L. Williams*
Kristin L. Williams

Cc. all counsel by ECF