# WINGATE, KEARNEY & CULLEN, LLP

RICHARD J. CEA
CLAIRE STEINMAN *
JOHN M. KURKEMELIS
_____

KRISTIN L. WILLIAMS
_____

OF COUNSEL:

PETER N. ZOGAS
JENNIFER ARDITI
KREUZA GANOLLI *

*ALSO ADMITTED IN NEW JERSEY

ATTORNEYS AND COUNSELLORS
ESTABLISHED IN 1864
45 MAIN STREET - SUITE 1020
BROOKLYN, NEW YORK  11201-1032
TELEPHONE (718) 852-5900
FACSIMILE (718) 852-8168

GEORGE W. WINGATE  (1864-1928)
KEVIN M. KEARNEY (1978-2015)
HENRY J. CULLEN  (1864-1898)

LONG ISLAND OFFICE
445 BROAD HOLLOW ROAD
SUITE 400
MELVILLE, NEW YORK  11747
TELEPHONE (631) 694-5500

September 5, 2019

**VIA ECF**
United States District Court
Southern District of New York
Hon. Laura Taylor Swain
500 Pearl Street, courtroom 17C
New York, New York 10007

Re: Elisa W., et al. v. The City of New York, et al.
Index No.:15 CV 5273-LTS-HBP

Dear Judge Swain,

Pursuant to Your Honor's Order dated August 15, 2019, counsel for both the third-parties HeartShare St. Vincent's Services and Coalition for Hispanic Family Services ("the Agencies") and the Named Plaintiff Children file herein a joint report stating their respective positions as to the need for continued sealing of deposition excerpts filed under seal.

The Agencies

The Agencies maintain the position that they do not consent to their confidential testimony being made public. Both are nonparties to this matter, subpoenaed to testify against the entity in which they rely upon, and which the families engaged in the system need to feel secure in. The disclosure of information which serves to harm or embarrass the Administration for Children Services ("ACS") also harms the Agencies in their direct relationship with same, and with the families who are trusting in this relationship.

The Second Amended Protective Order (hereinafter, "Order") states that these depositions are confidential information which are only to be accessible by the Authorized Persons as outlined. To allow for the information protected under this Order to now be removed from the protection originally provided, is to modify the Order, which requires a compelling reason for

doing such. "Once a protective order is issued, a party seeking to modify the protective order must show its improvidence or some extraordinary circumstance or compelling need." *Fournier v. Erickson*, 242 F. Supp. 2d 318, 342 (S.D.N.Y. 2003); *Geller v. Branic Int'l Realty Corp*., 212 F.3d 734, 738 (2d Cir. 2000). The instant motion does not rise to a compelling need for these excerpts to be available publicly in the determination of the instant nondispositive class certification motion. "Once a protective order is in place, a plaintiff seeking to modify a protective order is required to show improvidence in the grant of a Fed. R. Civ. P. 26(c) protective order or some extraordinary circumstance or compelling need. This heightened standard applies only if a party has reasonably relied on the protective order." *In re September 11 Litig.*, 262 F.R.D. 274, 275. The Agencies cooperated with the subpoena to testify because they both fully relied upon the protective order to keep the testimony provided confidential. Any portion of testimony which is used, especially where Plaintiffs seek to cause embarrassment and harm, will damage their relationship with ACS and certainly damage the trust and security the families have in their foster services. Had the Agencies not been provided this promise of confidentiality, there would have been motion practice at that time to quash these subpoenas.

The Second Circuit has distinguished between access to motions and records in relation to summary judgment and discovery. Documents filed in connection with a motion, such as a motion for summary judgment, are presumed open under the First Amendment and common law. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). On the other hand, documents "such as those passed between the parties in discovery often play no role in the performance of Article III functions and so the presumption of access to these records is low." *Bernstein*, 814 F.3d at 142 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1047 (2d Cir. 1995)); *see also, e.g., Apple Inc. v. Samsung Elec. Co. Ltd.*, 727 F.3d 1214, 1222–23 (Fed. Cir. 2013) (holding the district court erred by requiring "compelling reasons" rather than "good cause" for documents attached to nondispositive motions). "This presumption may be overridden for "good cause" when a particularized harm such as embarrassment or expense will result from disclosure, and when the related private interests outweigh the public interests in access." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006); *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002); see Fed. R. Civ. P., Rule 26(c). The Agencies have stated in their prior letters to the Court, and reiterated herein, that the testimony provided under the protection of this Court's Order should remain confidential in accordance with the protections originally provided to obtain their cooperation and testimony. It is respectfully requested that based upon all of the foregoing, this Court continue to provide the confidentiality that the Agencies relied upon, and continue to keep this testimony under seal.

### Named Plaintiff Children

Named Plaintiff Children do not oppose the Agencies' request to keep the testimony given by their 30(b)(6) witnesses under seal. Nor do they take a position as to whether (as asserted by the Agencies above) harm and embarrassment for ACS, and any possible resulting damage to the relationship between ACS, the Agencies and the families receiving services from the Agencies "warrants protection from public scrutiny", as described in Your Honor's Order dated August 15, 2019.

In addition, Named Plaintiff Children wish to make two points in response to the Agencies' position above. Contrary to what the Agencies' appear to be suggesting, Named Plaintiff Children are not seeking to amend the Second Amended Protective Order, but note that it defines Confidential Information as information pertaining to the privacy of children in foster care and their families as well as information that jeopardizes the life and safety of all persons. Named Plaintiff Children do not believe that the testimony the Agencies seek to keep under seal falls within the definition of Confidential Information. Second, to be clear, Named Plaintiff Children do not seek to harm or embarrass ACS or any agency with which ACS has contracted. Rather, as Named Plaintiff Children makes clear in their motions for class certification, they seek to protect the rights of children who are in ACS custody and care.

Respectfully,

Kristin L. Williams, Esq.
*Attorney for non-party Agencies*
Wingate, Kearney & Cullen, LLP

and

Amanda Coleman, Esq
*Attorney for Named Plaintiff Children*
Cravath, Swaine & Moore LLP