UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ELISA W. et al.,

       Plaintiffs,

  -v-                                      No.  15 CV 5273-LTS-HBP

THE CITY OF NEW YORK, et al.,

       Defendant.

-------------------------------------------------------x

ORDER

       The Court has received and reviewed the joint report filed by Named Plaintiff Children and third-party agencies Coalition for Hispanic Family Services ("CHFS") and Heartshare St. Vincent Services ("HSVS") in response to the Court's August 15, 2019, Order (docket entry no. 449).  (Docket entry no. 451.)  The third-party agencies' position statement misapprehends the scope of the Second Amended Protective Order (docket entry no. 391).  The Protective Order does not permit a party that discloses material in the discovery context to bind the Court as to the treatment of designated items that are filed with the Court.  The disclosing party that wishes to keep designated material out of the public record must demonstrate to the Court that sealed or redacted treatment is necessary and consistent with the law governing public access to court records.  Furthermore, the Protective Order defines "Confidential Information" as including information that is "non-public, confidential, proprietary, personal or sensitive in nature, including, but not limited to" certain specific categories of information.  (Id. at ¶ 2.)  The third-party agencies have not identified any specific deposition excerpts submitted in connection with Named Plaintiff Children's pending motion for class certification which implicate any of the enumerated categories of information in the Protective Order, or which otherwise disclose

information that is "non-public, confidential, proprietary, personal or sensitive in nature." Instead, the agencies offer only conclusory assertions that that public filing of certain unspecified deposition excepts will "cause embarrassment and harm, will damage [the agencies'] relationship with ACS and certainly damage the trust and security the families have in their foster services." (Docket entry no. 451 at 2.)  This conclusory statement is plainly insufficient to rebut the presumption of public access or to demonstrate that sealing is necessary to preserve higher values and is sufficiently narrowly tailored to achieve that aim.  As courts in this district have repeatedly noted, "[t]he mere fact that information is subject to a confidentiality agreement between litigants . . . is not a valid basis to overcome the presumption in favor of public access to judicial documents."  See, e.g., In re Gen. Motors LLC Ignition Switch Litig., No. 14-MD-2543 (JMF), 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015).  Nor is the Court persuaded by the third-party agencies' argument that documents filed in connection with a motion for class certification are entitled to less protection under the First Amendment simply because they are not filed in connection with a motion for summary judgment.  The deposition excerpts attached to Named Plaintiff Children's motion for class certification "directly affect an adjudication" and will be "used to determine litigants' substantive legal rights," and thus the "presumption of access is at its zenith," and "can be overcome only by extraordinary circumstances."  Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, 814 f.3D 132, 143 (2d Cir. 2016) (internal citations and quotations omitted).

       The Court hereby grants the agencies a third and final opportunity to offer more than conclusory statements demonstrating the need for continued sealing.  The third-party agencies must file no later than **September 20, 2019,** a submission (1) explaining the specific deposition testimony they seek to file under seal, (2) demonstrating why that testimony will

"cause embarrassment and harm," "damage [the agencies'] relationship with ACS," or "damage the trust and security the families have in their foster services," and (3) describing how continued sealing or redaction is necessary to preserve higher values beyond the third-party agencies' mere desire not to disclose this information to the public.  To the extent that the agencies contend that the supplemental explanatory material includes material that itself meets the high standard for sealing or protection, the statement may be filed on ECF in redacted form with the unredacted version delivered for chambers and served on Named Plaintiff Children.  The Court will review and rule on whether that material may remain sealed in conjunction with its ruling on whether the deposition excerpts that are the subject of the Named Plaintiff Children's application may remain sealed.

The temporary sealing of the deposition excerpts is hereby continued until **September 23, 2019**.  If no timely supplemental submission is filed, the excerpts shall be unsealed without further notice.  Named Plaintiff Children are directed to serve a copy of this Order upon CHFS and HSVS, and to file a certificate attesting to such service, no later than **September 12, 2019**.

SO ORDERED.

Dated: New York, New York
September 11, 2019

/s/ Laura Taylor Swain  
LAURA TAYLOR SWAIN  
United States District Judge
