UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

ELISA W. *et al.*,

                              Plaintiffs,

-against-

THE CITY OF NEW YORK *et al.*,

                              Defendants.

**DECLARATION OF ALLON YARONI**

15 CV 5273 (KMW) (SLC)

------------------------------------------------------------------------x

      **ALLON YARONI**, declares under penalty of perjury, and pursuant to 28 U.S.C. § 1746, that the following statements are true and correct:

      1.     I am an Associate Commissioner for Research & Analytics within the Policy, Planning and Measurement division for the Defendant New York City Administration for Children's Services (ACS) and I am familiar with the records and data maintained and available to ACS as discussed below. I have a PhD in Public Policy from New York University and I have spent over 15 years working in public health and policy. Prior to ACS I was a research director at the Vera Institute of Justice leading research and evaluation projects in child welfare, juvenile justice and criminal justice.

      2.     I make this declaration based upon my personal knowledge and upon information and belief supported by my review of the relevant records and data and conversations with other staff within ACS, and in support of the City Defendants' opposition to Plaintiffs' Renewed Motion for Class Certification.

      3.     Specifically, below, I provide information and data concerning (i) Terminations of Parental Rights ("TPRs") and (ii) Reasonable Efforts findings, both of which are essential

1

components of the Family Court process in individual proceedings. ACS keeps detailed records concerning TPRs and Reasonable Efforts findings, which I reviewed to prepare this Declaration.

## I.     Terminations of Parental Rights ("TRPs")

4.     The law requires that ACS must file a petition for Termination of Parental Rights, or a "TPR," against the parent of a child who is in foster care for 15 months of the most recent 22 months (commonly referred to as "15/22"), provided that statutory exceptions and/or "compelling reasons" do not exist that would nullify the requirement to file the TPR.

5.     During calendar year 2017, ACS had 1,805 children who were in care for 15 of the last 22 months. For 455 of these 1,805 children, provider agency attorneys filed TPRs against the children's parents, and/or the children were freed for adoption, within the required time frame. For 954 of the remaining 1,350 children (71% of this group), there was no requirement to file a TPR because of a statutory exemption, namely, the child was living with kin, was in care as a juvenile delinquent, was 18 years old or older, or there was a "compelling reason" not to file documented in the child's case record. Thus, of the 1805 children in the 15/22 cohort in 2017, there were only 396 children (22%) for whom there was no TPR filed, and for whom there was no exception and/or "compelling reason" that would excuse the filing of a TPR. Of these 396 children, 135 – or 34% - were discharged from ACS's care within 24 months of the 15/22 threshold: 123 children were discharged to reunification, and 12 children to Kinship Guardianship, both categories being permanency placements for which a termination of parental rights would serve no purpose and might even be contrary to the child's ultimate achievement of permanency.

6.     In other words, more than one third of the children against whose parents a TPR petition was ostensibly to be filed in fact achieved permanency through reunification with a

primary source or through kinship placement– a preferred outcome – within two years of the 15/22 threshold.

7. There are similar numbers from calendar year 2018, when ACS had 2,277 children in care who reached 15/22. For 479 of these 2,277 children, there were TPRs filed against their parents, and/or the children were freed for adoption, within the required time frame. For 1,257 of the 1,798 remaining children (70% of this group), there was no requirement to file a TPR because the child was living with kin, was in care as a juvenile delinquent, was 18 years old or older, or there was a "compelling reason" not to file documented in the child's case record. Thus, of the 2,277 children in the 15/22 cohort in 2018, there were 541 children (24%) for whom there was no TPR filed and for whom there was no exception and/or "compelling reason" that would excuse the filing of a TPR. Of these 541 children, 115 – or 21% - were discharged from ACS's case within 24 months of the 15/22 standard deadline: 99 children were discharged to reunification, and 16 children to Kinship Guardianship, both of which, again, are placement options that preserve parental rights.

8. Like the 2017 cohort, a significant percentage of the 2018 cohort against whose parents a TPR petition was ostensibly to be filed in fact achieved permanency through reunification or through kinship placement within two years of reaching 15/22.

**II.    Reasonable Efforts Findings**

9. State law, which is consistent with federal mandates, requires the Family Court to make findings as to whether ACS and the relevant provider agency have made "Reasonable Efforts" to implement the child's permanency plan. ACS keeps careful track of Reasonable Efforts findings because they carry with them authorization for federal funding, as detailed in 45

C.F.R. § 1356.21.  Those funds can be withheld whenever there is a No Reasonable Efforts finding.

10. Upon information and belief, ACS conducted a review of the 19 Plaintiff children's records from 2012 through 2019.  I personally reviewed the data that was identified related to the instances in the 19 Plaintiffs' Family Court proceedings where a Family Court Judge made Reasonable Efforts findings.  Based upon that review, I determined that there was not a single instance in any of the 19 Plaintiff's Family Court cases since 2012 where the Family Court determined that ACS or the provider agency had not made Reasonable Efforts.

11. In fact, from 2012-2019, Family Court judges made the following numbers of Reasonable Efforts findings in foster care permanency hearings for each named Plaintiff:

- Dameon C.: 10
- Thierry E.: 9
- Mikayla G.: 13
- Ayanna J.: 14
- Malik M.: 13
- Myls J.: 13
- Xavion M.: 10
- Tyrone M.: 11
- Alexandria R.: 10
- Ana-Marie R.: 14
- Olivia R.: 14
- Emmanuel S.: 14
- Valentina T.C.: 8
- Jose T.C.: 8
- Lucas T.: 8
- Ximena T.: 8
- Matthew V.: 14
- Elisa W.: 10
- Brittney W.: 14

12. I have attached an Excel sheet as Exhibit "Yaroni A," which sets forth the specific dates that Family Court judges made Reasonable Efforts findings for each of these 19 Plaintiffs.

13. Furthermore, from 2012-2019, Family Court Judges found that ACS had made Reasonable Efforts in 99.1% of all foster care permanency hearing proceedings.

Dated: New York, New York
August 28, 2020

                                                      Allon Yaroni