**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

LLOYD K. GARRISON  (1946-1991)
RANDOLPH E. PAUL  (1946-1956)
SIMON H. RIFKIND  (1950-1995)
LOUIS S. WEISS  (1927-1950)
JOHN F. WHARTON  (1927-1977)

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
(212) 373-3289

WRITER'S DIRECT FACSIMILE
(212) 492-0289

WRITER'S DIRECT E-MAIL ADDRESS
asoloway@paulweiss.com

MATTHEW W. ABBOTT
EDWARD T. ACKERMAN
JACOB A. ADLERSTEIN
JUSTIN ANDERSON
ALLAN J. ARFFA
JONATHAN H. ASHTOR
ROBERT A. ATKINS
SCOTT A. BARSHAY
PAUL M. BASTA
J. STEVEN BAUGHMAN
LYNN B. BAYARD
CRAIG A. BENSON
MARK S. BERGMAN
DAVID M. BERNICK
JOSEPH J. BIAL
BRUCE BIRENBOIM
H. CHRISTOPHER BOEHNING
BRIAN BOLIN
ANGELO BONVINO
ROBERT BRITTON
DAVID W. BROWN
WALTER BROWN*+
SUSANNA M. BUERGEL
JESSICA S. CAREY
DAVID CARMONA
GEOFFREY R. CHEPIGA
ELLEN N. CHING
WILLIAM A. CLAREMAN
LEWIS R. CLAYTON
YAHONNES CLEARY
RACHAEL G. COFFEY
JAY COHEN
KELLEY A. CORNISH
CHRISTOPHER J. CUMMINGS
THOMAS V. DE LA BASTIDE III
MEREDITH DEARBORN*+
ARIEL J. DECKELBAUM
KAREN L. DUNN
ALICE BELISLE EATON
ANDREW J. EHRLICH
GREGORY A. EZRING
ROSS A. FIELDSTON
ANDREW C. FINCH
BRAD J. FINKELSTEIN
BRIAN P. FINNEGAN
ROBERTO FINZI
PETER E. FISCH
HARRIS FISCHMAN
ANDREW J. FOLEY
ANDREW J. FORMAN*
VICTORIA S. FORRESTER
HARRIS B. FREIDUS
CHRISTOPHER D. FREY
MANUEL S. FREY
ANDREW L. GAINES
KENNETH A. GALLO
MICHAEL E. GERTZMAN
ADAM M. GIVERTZ
SALVATORE GOGLIORMELLA
NEIL GOLDMAN
MATTHEW B. GOLDSTEIN
ROBERTO J. GONZALEZ*
CATHERINE L. GOODALL
CHARLES H. GOOGE, JR.
ANDREW G. GORDON
BRIAN S. GRIEVE
UDI GROFMAN
NICHOLAS GROOMBRIDGE
BRUCE A. GUTENPLAN
MELINDA HAAG*
ALAN S. HALPERIN
CLAUDIA HAMMERMAN
BRIAN S. HERMANN
MICHELE HIRSHMAN
JARRETT R. HOFFMAN
ROBERT E. HOLO
DAVID S. HUNTINGTON
AMRAN HUSSEIN
LORETTA A. IPPOLITO
WILLIAM A. ISAACSON*
JAREN JANGHORBANI
BRIAN M. JANSON
JEH C. JOHNSON
BRAD S. KARP
PATRICK N. KARSNITZ
JOHN C. KENNEDY
BRIAN KIM
KYLE J. KIMPLER
ALEXIA D. KORBERG
ALAN W. KORNBERG
DANIEL J. KRAMER
CAITH KUSHNER
DAVID K. LAKHDHIR
GREGORY F. LAUFER
BRIAN C. LAVIN
XIAOYU GREG LIU
RANDY LUSKEY*+
LORETTA E. LYNCH
JEFFREY D. MARELL
MARCO V. MASOTTI
DAVID W. MAYO
ELIZABETH R. MCCOLM
JEAN M. MCLOUGHLIN
ALVARO MEMBRILLERA
MARK F. MENDELSOHN
CLAUDINE MEREDITH-GOUJON
WILLIAM B. MICHAEL
JUDIE NG SHORTELL*
CATHERINE NYARADY
JANE B. O'BRIEN
ALEX YOUNG K. OH
BRAD R. OKUN
LINDSAY B. PARKS
ANDREW M. PARLEN
DANIELLE C. PENHALL
CHARLES J. PESANT
JESSICA E. PHILLIPS*
VALERIE E. RADWANER
JEFFREY J. RECHER
CARL L. REISNER
LORIN L. REISNER
JEANINE S. RHEE*
WALTER G. RICCIARDI
WALTER RIEMAN
RICHARD A. ROSEN
ANDREW N. ROSENBERG
JUSTIN ROSENBERG
JACQUELINE P. RUBIN
CHARLES F. "RICK" RULE*
RAPHAEL M. RUSSO
ELIZABETH M. SACKSTEDER
JEFFREY D. SAFERSTEIN
JEFFREY B. SAMUELS
KENNETH M. SCHNEIDER
ROBERT B. SCHUMER
JOHN M. SCOTT
BRIAN SCRIVANI
KYLE T. SEIFRIED
KANNON K. SHANMUGAM*
CULLEN L. SINCLAIR
AUDRA J. SOLOWAY
SCOTT M. SONTAG
SARAH STASNY
TARUN M. STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
BRETTE TANNENBAUM
RICHARD C. TARLOWE
MONICA K. THURMOND
DANIEL J. TOAL
LAURA C. TURANO
CONRAD VAN LOGGERENBERG
KRISHNA VEERARAGHAVAN
JEREMY M. VEIT
LIZA M. VELAZQUEZ
MICHAEL VOGEL
RAMY J. WAHBEH
JOHN WEBER
LAWRENCE G. WEE
THEODORE V. WELLS, JR.
LINDSEY L. WIERSMA
STEVEN J. WILLIAMS
LAWRENCE I. WITDORCHIC
AUSTIN WITT
MARK B. WLAZLO
ADAM WOLLSTEIN
JULIA TARVER MASON WOOD
JENNIFER H. WU
BETTY YAP*
JORDAN E. YARETT
KAYE N. YOSHINO
TONG YU
TRACEY A. ZACCONE
TAURIE M. ZEITZER
T. ROBERT ZOCHOWSKI, JR.

*NOT ADMITTED TO THE NEW YORK BAR
+ADMITTED ONLY TO THE CALIFORNIA BAR

March 12, 2020

**Via ECF**

The Honorable Kimba M. Wood
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

*Elisa W.* v. *The City of New York, et al.*
15 CV 5273 (KMW) (SLC)

Dear Judge Wood:

        We write pursuant to Section III.A of Your Honor's Individual Rules on behalf of the Brooklyn Defender Services, The Bronx Defenders, Center for Family Representation Inc., and Neighborhood Defender Service of Harlem (the "proposed Parent Advocate *Amici*") to seek leave to file the attached *amicus curiae* brief in opposition to Plaintiffs' renewed motion for class certification. (Ex. A)

        The proposed Parent Advocate *Amici* are four public interest organizations that, collectively, provide legal representation to, and protect the rights of, the vast

majority of parents with children in foster care in New York City. This means that in Family Court cases across New York City where children have been removed from, and/or reunified with their families, proposed *Amici* represent the parents directly in those proceedings. (Ex. A at 1.) The Parent Advocates also regularly advocate for New York's families through various efforts to improve the foster system. (*Id.*) We respectfully submit, therefore, that proposed *Amici* have a unique perspective and valuable information to share here. Indeed, the Court previously allowed the Parent Advocates to intervene in this matter for the purpose of objecting to the proposed Consent Decree, and found that they offered a helpful perspective of stakeholders regarding the outcome of this case. *See* Order denying Consent Decree, ECF No. 259 at 16 ("The Court concludes that the objections to the Consent Decree by the Children's Advocates and the Parent Advocates are significant for purposes of this factor of the *Grinnell* analysis, as these organizations are well suited to advocate on behalf of many of those whose interests would be affected by the Consent Decree.").

District Courts have broad discretion to permit *amici curiae* in their cases. *United States* v. *Ahmed*, 788 F. Supp. 196, 198 n.1 (S.D.N.Y. 1992). "An amicus brief should normally be allowed when … the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Automobile Club N.Y. Inc.* v. *Port Authority of N.Y. & N.J.*, No. 11-cv-6746-RJH, 2011 U.S. Dist. LEXIS 135391 *2 (S.D.N.Y. Nov. 22, 2011) (internal quotation marks omitted).

Based upon their extensive experience with the New York City foster system, the proposed Parent Advocate *Amici* submit this amicus brief to address what the Parent Advocates believe is an incomplete presentation of the foster system depicted in Plaintiffs' class certification motion. In this case, Plaintiffs seek to certify a class of children who are now or will be in foster care in New York. In particular, however, Plaintiffs propose certification of two subclasses consisting of (i) "all children who have been in ACS custody for more than two years and whose cases require special scrutiny pursuant to ACS policy," and (ii) "all children for whom Contract Agencies failed to assess and document compelling reasons every three months to justify the decision not to file a termination of parental rights petition after the children had been in care for 15 of the prior 22 months." Plaintiffs' proposed subclasses, as well as the substantive focus of their proposed class claims, expose a troubling focus on speed to adoption and termination of parental rights. This view is fundamentally in opposition to considered New York policy, which favors reunification of families even after lengthy separations, and appreciates that termination of parental rights should only occur in rare cases, as a last resort.

Indeed, consistent with social science research, New York adheres to a deliberate policy choice in favor of the reunification of children with their family of origin whenever reunification is achievable. In the Parent Advocates' experience, reunification can sometimes take years to achieve, as parents work to overcome obstacles presented by, for example, lack of affordable housing and other issues arising from poverty; mental health challenges; and the consequences of domestic violence. While

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Judge Wood 3

progress to speed the time to reunifications can be frustratingly slow, reunification of children with parents (or, sometimes, guardianship by relatives through kinship foster placement) nonetheless can and should remain the goal for most children.

The Parent Advocates are concerned that Plaintiffs' class certification motion ignores this important and well-considered policy choice to prioritize reunifying families. Instead, Plaintiffs conflate adoption with permanency, and focus repeatedly on duration of time in the foster system, the length of time before termination of parental rights (TPR) proceedings are commenced, and the purported need for paperwork to justify why TPR is not sought. Indeed, Plaintiffs' class certification motion refers to adoption *four times* as often as reunification, and mentions guardianship in passing only once, and the proposed subclasses seem geared to encourage policies favoring speedier TPRs and adoption. This focus, in proposed *Amici's* view, threatens to undermine the substantial progress that New York has made (without any attendant increase in risk to children) in decreasing removals through preventative services, and prioritizing the reunification of families when removal does occur. The Parent Advocates are gravely concerned that the diversion of resources to **Plaintiffs'** preferred policy goals of speedier TPR and adoptions, rather than reunification of families, will undermine New York's considered policy goals, to the peril of New York's families and particularly the families of color that are disproportionately affected.

For these reasons, the Parent Advocates seek leave to file the enclosed amicus brief and supporting materials, to present the Court with additional context relevant to the pending motion, and to explain why Plaintiffs' apparent policy objectives (including as articulated through the proposed subclasses) are not in the best interests of New York's families.

We have consulted with the parties, and counsel for the City Defendant has informed us that the City Defendant consents to our filing. Counsel for the State Defendant takes no position on this request. Plaintiffs advised that they will communicate their position on the Parent Advocates' request for leave in a separate communication to the Court.

The Parent Advocates appreciate the Court's consideration of this request.

Respectfully submitted,

*/s/ Audra J. Soloway*

Audra J. Soloway

Copies to all counsel of record by ECF