September 27, 2023

**BY ECF**
Honorable Judge Kimba M. Wood
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    **Elisa W. v. City of New York**
                  S.D.N.Y. No. 15 Civ. 5273 (KMW) (SLC)

Dear Judge Wood:

      The parties write jointly regarding the Court's September 19, 2023 Order directing the parties to file a joint pre-trial order. See ECF Doc. No. 554 (the "9/19/2023 Order"). The Second Circuit vacated this Court's September 3, 2021 Order denying class certification (the "9/3/2021 Order") and remanded for further proceedings consistent with the Second Circuit's Opinion and Order. See ECF Doc. No. 553 at 27; Case 22-7, ECF Doc. No. 204 (2d Cir.). The parties therefore respectfully submit that the next step is for this Court to issue a class certification decision and order and that a pre-trial order would be premature at this time.

      With respect to class certification, the parties agree that a decision should address (i) whether plaintiffs "submit[ted] sufficient evidence to support [their] allegations" of a policy or practice that exposed all children in foster care to a substantial risk of harm, as set forth in the Second Circuit's Opinion and Order, ECF No. 553 at 23-25; and (ii) the remaining requirements of Rule 23(a) and 23(b)(2), which the Court did not reach, as stated on page 15 of its 9/3/2021 Order.

Plaintiffs' Position

      Plaintiffs' position is that no additional briefing is necessary for the Court to grant class certification. The parties' briefing in respect of Plaintiffs' Renewed Motion for Class Certification addresses both the evidence in support of Plaintiffs' allegations of policies and practices and the remaining elements of Rule 23(a) and 23(b)(2), and is therefore sufficient for the Court to decide all issues relevant to class certification. (See ECF Doc. Nos. 440, 493, 497, 531, 533, 539, 541; Case 22-7, ECF Doc. Nos. 139-140, 142-143.) Defendants' request for supplemental evidentiary submissions on class certification, as set forth below, would impose inordinate delay in this case, which is already more than eight years old. Nor would supplemental evidentiary submissions change the relevant inquiry here, which is whether Plaintiffs have proved a common policy or practice under the legal standard in the Second

Hon. Kimba M. Wood  Page 2 of 4
September 27, 2023

Circuit's Opinion and Order.  An update on what current ACS policies and practices are, as the City Defendant proposes, cannot change the fact that ACS continues to have common policies and practices applicable to all children under its care, as Plaintiffs have shown.  Nor do Defendants provide any authority to support a need for further class certification-related discovery:  the case the City Defendant cites, *Ferreras v. American Airlines, Inc.*, 946 F.3d 178, 184 (3d Cir. 2019), holds only that class certification should be based on evidence presented by the parties on the motion for class certification, rather than allegations in the pleadings, which Plaintiffs have already done.  The parties already need to engage in post-class certification supplemental merits discovery before trial, and there is no need to delay the case with a second round of class certification-related discovery before the parties get to the necessary merits discovery.

With respect to a pre-trial order, Plaintiffs share the Court's desire to expedite proceedings in this case as much as possible but believe that supplemental merits discovery is necessary before the case may proceed to trial.  The discovery in this case was completed several years ago, prior to Plaintiffs' filing of their Renewed Motion for Class Certification in 2019.  Supplemental discovery is necessary to update the record before trial.  That is particularly true in this case because Plaintiffs will seek to prove at trial the need for forward-looking injunctive relief.  (See ECF Doc. No. 91 at 120-24.)  Furthermore, to the extent Defendants have recently implemented relevant reforms, as they asserted in their appellate briefing, discovery into those purported changes is necessary and may narrow the issues to be addressed at trial.

Plaintiffs respectfully request that the parties should meet and confer on the scope of supplemental discovery and file a joint status report with the Court by October 11, 2023.

City Defendant's Position

As does the State Defendant in the section below, the City Defendant believes that the existing record establishes infirmities fatal to Plaintiffs' pending class certification motion.  However, because Rule 23 "requires a showing that each of the Rule 23 requirements has been met by a preponderance of the evidence *at the time of class certification*," *Ferreras v. Am. Airlines, Inc.*, 946 F.3d 178, 184 (3d Cir. 2019) (emphasis added), the City requests an opportunity to submit declarations that update the Court as to current ACS policies and practices relevant to Plaintiffs' motion, as well as a supplemental memorandum limited to addressing the application of the standard enunciated by the Circuit in remanding the question of the propriety of class certification back to this Court.  The City can file these supplemental submissions within six weeks of this Court's order permitting such submission.  City Defendant would, of course, make any such declarant(s) available to Plaintiffs for deposition limited to such updated information on an expedited basis.

State Defendant's Position

State Defendant's position is that this Court can deny class certification on the grounds set forth in the Oppositions to Plaintiffs' Renewed Motion for Class Certification, particularly as to certification of a class against State Defendant.  See ECF Doc. Nos. 489-96, 497-99, 539-40, 541.  Nonetheless, State Defendant respectfully submits that supplemental briefing, as well as potential supplemental declaration(s), addressing the Second Circuit's ruling—including, *inter*

Hon. Kimba M. Wood  Page 3 of 4
September 27, 2023

*alia*, its notation that "terms like 'adequate,' 'meaningful,' and 'robust' are somewhat vague and left undefined in plaintiffs' renewed motion for class certification," and that this Court could "consider on remand whether the vagueness of the plaintiffs' allegations constitutes a barrier to class certification," ECF Doc. No. 553 at 20 n.6—would be helpful to the Court in its determination of Plaintiffs' Renewed Motion for Class Certification.

     With respect to Plaintiffs' request to move forward with supplemental discovery, it is State Defendant's position that such a request is premature. To the extent that Plaintiffs are entitled to further discovery, the scope of any such discovery will necessarily depend on the Court's ruling on Plaintiffs' Renewed Motion for Class Certification, whether a class is certified, and if so, the class's definition.

     Accordingly, State Defendant respectfully requests that once the Second Circuit issues its mandate, the Court either schedule a status conference or set a deadline for the parties to jointly propose a briefing schedule for supplemental briefing on class certification.

     Thank you for your consideration of this request.

Respectfully submitted,

*/s/ Marcia Robinson Lowry*
Marcia Robinson Lowry
A Better Childhood, Inc.
355 Lexington Avenue, Floor 16
New York, NY 10017
(646) 975-4456

*/s/ Antony L. Ryan*
Antony L. Ryan
Justin C. Clarke
Nicole M. Peles
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

Attorneys for Plaintiffs


*/s/ Jonathan Pines*
Jonathan Pines
Assistant Corporation Counsel
Corporation Counsel of the

Hon. Kimba M. Wood                                                                                             Page 4 of 4
September 27, 2023

        City of New York
        100 Church Street
        Room 2-178
        New York, New York 10007
        (917) 370-3015
        Attorney for City Defendant


        */s/ Samantha L. Buchalter*
        Samantha L. Buchalter
        Assistant Attorney General
        New York State
        Office of the Attorney General
        28 Liberty Street
        New York, New York 10005
        (212) 416-6582
        <u>Attorney for State Defendant</u>