# CRAVATH

Antony L. Ryan
aryan@cravath.com
T+1-212-474-1296
New York

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 24, 2024
```

October 15, 2024

**MEMO ENDORSED**

*Elisa W., et al., v. City of New York, et al.*, No. 15-CV-5273 (KMW) (SLC)

Dear Judge Wood:

In an effort to further delay this case, which has already been pending for *nine years*, the City and State Defendants move to stay discovery on two baseless grounds. (Dkt. Nos. 587-588.) Defendants argue that a stay is proper pending (1) the resolution of the City's motion for reconsideration and (2) Plaintiffs' addition of new Named Plaintiff Children. Tellingly, Defendants do not set out the governing legal standard and cite no case law in support of their motion. Neither argument has merit.

**The Pending Motion for Reconsideration.** It is well-established that "discovery should *not* be routinely stayed simply on the basis that a potentially dispositive motion has been filed." *P.C. v. Driscoll*, No. 24-CV-2496 (LJL), 2024 WL 3606511, at *1 (S.D.N.Y. July 30, 2024) (quoting *Moran v. Flaherty*, No. 92 Civ. 3200 (PKL), 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992)). "The party seeking a stay of discovery bears the burden of showing good cause." *Mirra v. Jordan*, No. 15 Civ. 4100 (AT) (KNF), 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016) (quoting *Morien v. Munich Reinsurance Am. Inc.*, 270 F.R.D. 65, 66-67 (D. Conn. 2010)). The filing of a potentially dispositive motion alone does not qualify. *Id.* Instead, in determining whether the movant has satisfied its burden, courts consider multiple factors, including (i) the prejudice imposed by the stay on the non-moving party, (ii) the breadth of discovery sought and the burden of responding to it, and (iii) the strength of the pending motion forming the basis of the request for stay. *RBG Mgmt. Corp. v. Vill. Super Mkt., Inc.*, No. 22-CV-07996 (JLR), 2023 WL 1996920, at *2-3 (S.D.N.Y. Jan. 24, 2023).

*First*, Defendants fail to show that a stay of discovery will cause Plaintiffs no prejudice. A party seeking a stay bears the burden of demonstrating a lack of prejudice to the non-moving party. *See Mirra*, 2016 WL 889559, at *3 (declining to stay discovery where moving party had "failed to establish that no risk of unfair prejudice to the [non-moving party] exists"). Here, Defendants present no argument as to how the stay will not prejudice Plaintiffs.

To the contrary, any further delay in discovery will substantially prejudice Plaintiffs and the inherently vulnerable and transitory class of children that the Court has certified. In assessing prejudice to the non-moving party, courts consider how long a case has been pending. *See, e.g.*, *Kaplan v. Lebanese Canadian Bank, SAL*, 610 F. Supp. 3d 533, 535 (S.D.N.Y. 2022) (denying a stay where "there is prejudice to Plaintiffs in a continued stay of discovery given the age of these cases"); *RBG Mgmt Corp.*, 2023 WL 1996920, at *2 (denying a stay upon finding that the non-moving party was prejudiced by the duration of dispute). Plaintiffs brought this action over nine

**NEW YORK**
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
T+1-212-474-1000
F+1-212-474-3700

**LONDON**
CityPoint
One Ropemaker Street
London EC2Y 9HR
T+44-20-7453-1000
F+44-20-7860-1150

**WASHINGTON, D.C.**
1601 K Street NW
Washington, D.C. 20006-1682
T+1-202-869-7700
F+1-202-869-7600

CRAVATH, SWAINE & MOORE LLP

years ago, on July 8, 2015, to enjoin the City's and State's violations of Plaintiffs' federal and state statutory rights (Dkt. No. 1).  Those violations, committed through ACS's and OCFS's systemwide practices, retraumatize children who have already been exposed to abuse or neglect in their own homes.  Plaintiffs continue to believe the City and State are out of compliance with constitutional and applicable statutory standards, as set forth in Plaintiffs' renewed motion for class certification, filed on July 30, 2019 (Dkt. No. 439).  Every day that passes is another day in which the children placed in the New York City foster-care system are put at risk of permanent harm to their physical and mental health.  Moreover, as time passes, witnesses with critical testimony of the adverse impacts of Defendants' policies and practices—including victims of maltreatment who deserve the opportunity to tell their stories in court—may become unavailable or their memories may fade.  This includes the Named Plaintiff Children, who have already been waiting nine years to litigate their case.  Accordingly, this factor weighs against imposing a stay of discovery.

Indeed, Plaintiffs have already been prejudiced by Defendants' refusal to engage in formal or informal discovery following the Court's Opinion & Order (Dkt. No. 577).  Plaintiffs sought to meet and confer on a discovery schedule as early as September 3, 2024, but Defendants refused, claiming that such discussions were premature.  When the parties met and conferred on September 19, 2024, Defendants again refused to commit to any discovery until the Court resolves the City's motion for reconsideration.  Defendants' position is particularly frustrating given Plaintiffs' proposal that in the near term, Defendants should engage in relatively low-burden discovery of initial priority items (such as organizational charts and lists of regularly generated reports) that will help the parties to scope the full merits discovery and agree on the time needed to bring Defendants' document productions current from the spring of 2019 (the last productions) to today (Dkt. No. 582).  Defendants are refusing to provide even these priority items that would facilitate planning the merits discovery program.

*Second*, Defendants fail to demonstrate that discovery will impose upon them any unreasonable burdens or that Plaintiffs seek discovery disproportionate with the scope of Plaintiffs' claims.  "[V]ague and conclusory contentions are not sufficient to establish that the plaintiff's discovery requests are voluminous and burdensome."  *Mirra*, 2016 WL 889559, at *2.  Equally insufficient are "conclusory statements about broad discovery and numerous high-level depositions [that] do not move beyond generally describing the costs of participating in standard civil discovery". *RBG Mgmt. Corp.*, 2023 WL 1996920, at *2.  Here, Defendants make no effort to explain how the requested discovery is unjustly burdensome or otherwise excessive to the costs of participating in civil discovery.  Accordingly, this factor weighs against imposing a stay of discovery.

*Third*, Defendants have failed to demonstrate that the City's underlying motion for reconsideration is likely to prevail.  To justify a stay of discovery, Defendants must make a strong showing that the motion is likely to succeed on the merits.  *Medina v. City of New York*, No. 19 Civ. 9412 (AJN) (OTW), 2020 WL 3050971, at *2 (S.D.N.Y. June 8, 2020).  Even if there are "strong arguments on both sides", Defendants will not prevail on a motion to stay discovery.  *Guiffre v. Maxwell*, No. 15 Civ. 7433 (RWS), 2016 WL 254932, at *2 (S.D.N.Y. Jan. 19, 2016).  The standard for granting a motion for reconsideration is strict, and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Cho v. BlackBerry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (quoting *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 54 (2d Cir. 2019)).  As detailed in Plaintiffs' opposition to the City's motion for reconsideration, the City fails to identify any

2

controlling decision or critical factual matter overlooked by the Court that might reasonably be expected to alter the Court's conclusion. Accordingly, this factor weighs against imposing a stay of discovery.

**Addition of New Named Plaintiffs.** Defendants also seek a stay of discovery pending Plaintiffs' addition of Named Plaintiff Children. As previously explained in the Joint Status Report (Dkt. No. 582), Plaintiffs are under no obligation to add Named Plaintiff Children, as this Court made clear in finding that this case falls within the "capable of repetition, yet evading review" exception to mootness if pursued as a class action. (*See* Dkt. No. 392 at 4-5; *see also* Dkt. No. 577 at 11 n.6.) The existing Named Plaintiff Children therefore remain as class representatives. Nevertheless, Plaintiffs have stated their intention to add new Named Plaintiff Children as part of merits discovery, so that the class trial can include testimony of the more recent adverse impacts from Defendants' policies and practices. (Dkt. No. 568 at 16.) Learning who the Named Plaintiff Children are whom Plaintiffs may choose to add, however, cannot serve as a valid basis on which to stay discovery. The vast majority of the discovery Plaintiffs seek is related to ACS's and OCFS's classwide policies and practices. The identity of any new Named Plaintiff Children, who will each be subject to ACS's and OCFS's classwide policies and practices, will not affect the scope of Plaintiffs' discovery into these policies and practices. Thus, there is no reason to delay classwide discovery while Plaintiffs add new Named Plaintiff Children.

Plaintiffs respectfully suggest that Defendants' rights will be protected if, when a case management order is entered with a schedule for merits discovery, the schedule includes a reasonable date for Plaintiffs to add any new class representatives. Plaintiffs require some time to identify potential new class representatives, learn their stories and consider adding them to the complaint. There is no need, however, for this process to delay the case. Plaintiffs expect Defendants will need time to supplement their document production on classwide issues. While limited discovery relating to the new Named Plaintiff Children will be necessary (albeit much narrower in scope and burden than the classwide discovery), Defendants will have ample time, after completing the classwide document production and before the fact discovery cutoff, to conduct discovery relating to any new class representatives.

Defendants' motion should also be denied on the ground that they are unfairly using their refusal to provide Plaintiffs with discovery as a sword, while at the same time trying to shield themselves from their obligations to provide that discovery. The City argues that discovery should not proceed because Plaintiffs' claims are based on what the City derides as a mere "litigator's 'belief' that the City and State Defendants remain out of compliance with legal requirements". (Dkt. 587 at 2.) But of course the reason Plaintiffs do not have more admissible evidence regarding the City's and State's more recent practices is simple: Defendants have not provided fact discovery since the spring of 2019 and continue to refuse to do so. The City acknowledges it is refusing to provide discovery about recent developments at ACS. (*See, e.g.*, Dkt. 582 at 3-4.) Such gamesmanship should not be tolerated.

Defendants make no showing that a stay of discovery is justified under the governing legal standard. Instead, each of the factors weighs heavily against imposing a stay given the substantial prejudice it would impose on Plaintiffs, the low burden of producing the priority items Plaintiffs seek in discovery in the near term, and the unlikelihood that the Court will grant the City's motion for reconsideration in light of the City's meritless arguments. Accordingly, Defendants' motion to stay should be denied.

Respectfully submitted,

*/s/ Marcia Robinson Lowry*
Marcia Robinson Lowry
A Better Childhood, Inc.
355 Lexington Avenue, Floor 16
New York, NY 10017
(646) 795-4456


*/s/ Antony L. Ryan*
Antony L. Ryan
Justin C. Clarke
Cravath, Swaine & Moore LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 474-1000

*Attorneys for Plaintiffs*

cc: All Counsel of Record via ECF

**Defendants' letter-motions to stay discovery (ECF Nos. 587 and 588) are DENIED. The parties are directed to meet and confer by November 7, 2024 to proceed with full merits discovery, including plaintiffs' three "priority discovery requests" enumerated in the parties' September 23, 2024 joint letter. (ECF No. 582.) By December 5, 2024, the parties shall submit a joint letter detailing the current status of the priority discovery requests and a proposed discovery schedule.**

**SO ORDERED.**

**DATED: New York, New York**
**October 24, 2024**

*/s/ Kimba M. Wood*
**KIMBA M. WOOD**
**UNITED STATES DISTRICT JUDGE**