```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: December 18, 2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

ELISA W., *et al.,*

                Plaintiffs,

      v.

THE CITY OF NEW YORK, *et al.*,

                Defendants.

----------------------------------------------------------X

15-CV-5273 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

      Defendant City of New York has moved for reconsideration (ECF No. 585), under Rule 60 of the Federal Rules of Civil Procedure and Local Civil Rule 6.3, of this Court's August 23, 2024 Opinion & Order granting in part and denying in part Plaintiffs' motion for class certification. (ECF No. 577.) Familiarity with the Opinion & Order is assumed. For the reasons set forth below, Defendant's Motion for Reconsideration is DENIED.

      "Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (Marrero, J.) (quoting *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (Berman, J.)). A court should not grant a motion for reconsideration "where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

      The standard to grant a motion for reconsideration is strict:

> A party may move for reconsideration and obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. The standard for granting such a motion is strict, and reconsideration will generally be denied unless the

> moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (internal citations, quotation marks, and brackets omitted).

Defendant City of New York has moved for reconsideration of the Court's partial grant of class certification, certifying "[a] Class of children who are now, or will be, in the foster care custody of the Commissioner of ACS [the New York City Administration for Children's Services]." (Opinion & Order, at 18.) Defendant argues that (1) the Court "completely disregarded" evidence of updated ACS policies and practices submitted in response to the Court's October 3, 2023 Order (ECF No. 557) and (2) erroneously subjected Plaintiffs' evidence to a "more lenient" standard than Rule 23's "preponderance of the evidence" requirement. (ECF No. 586, at 1-4, 9.)

Defendant's arguments fail to meet the strict standard for reconsideration. Defendant does not identify any intervening change in law or controlling decisions or data that the Court did not already consider. Defendant instead reiterates arguments about updated policies and procedures that the Court explicitly considered before it issued its Opinion & Order. Defendant fails to explain why these updated policies and procedures would alter the conclusion reached by the Court as to commonality and typicality. The evidence that Plaintiff submitted raised common questions as to "whether ACS's placement practices fulfill its responsibility to place Plaintiffs in appropriate homes" and "whether ACS ensures that training, case management and permanency planning practices . . . lessen the risk of injury for children in its custody." (Opinion & Order, at 8, 11.) Whether those common questions are ultimately resolved in favor of either side is immaterial at the class certification stage. Defendant's argument that it has implemented improvements to case planning practices seeks a premature assessment of the merits of Plaintiffs' case. Merits questions, beyond what is required to determine commonality and typicality, are

inappropriate at the class certification stage. *See Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, 568 U.S. 455, 466 (2013) ("Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage.").

Defendant also contends that the Court used a more lenient standard than "preponderance of the evidence" when evaluating Plaintiffs' evidence. As the Court stated in its Opinion & Order, it assessed the parties' competing evidence, and granted partial class certification only after finding that Plaintiffs had affirmatively shown, by a preponderance of the evidence, each of the four prerequisites to class certification.

The Court declines to modify its original holding.

## CONCLUSION

For the reasons stated above, Defendant City of New York's motion for reconsideration is DENIED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 585. As ordered by the Court on December 6, 2024 (Memo Endorsement, ECF No. 599), the parties shall submit to the Court a proposed discovery schedule by January 10, 2025.

SO ORDERED.

Dated: New York, New York
       December 18, 2024                             */s/ Kimba M. Wood*
                                                     KIMBA M. WOOD
                                                     United States District Judge