# CLIFFORD
# CHANCE

CLIFFORD CHANCE US LLP

TWO MANHATTAN WEST
375 NINTH AVENUE
NEW YORK, NY 10001

TEL +1 212 878 8000
FAX +1 212 878 8375

www.cliffordchance.com

**BY ECF**

Honorable Jeannette A. Vargas
United States District Judge, SDNY
United States Courthouse
500 Pearl Street
New York, New York 10007

Direct Dial: +1 2128783051
E-mail: celeste.koeleveld@cliffordchance.com

May 7, 2025

Honorable Sarah L. Cave
United States Magistrate Judge, SDNY
United States Courthouse
500 Pearl Street
New York, New York 10007

Re:  Elisa W. v. City of New York, 15 Civ. 5273 (JAV) (SLC)

Your Honors:

Defendant City of New York respectfully requests leave to submit this brief sur-reply in response to Plaintiffs' Reply Brief, ECF No. 637, in support of their motion for leave to file the Proposed Second Amended Complaint (SAC).  The extraordinary circumstances giving rise to this request are: (1) Plaintiffs' inclusion of waived common questions in their Proposed SAC, in flagrant violation of prior rulings in the case; and (2) Plaintiffs' failure to explain in their moving papers why such a pleading should be permitted; resulting in (3) Plaintiffs making arguments for the first time on reply that City Defendant has not yet had an opportunity to address.

Plaintiffs' argument for including the two waived common questions has no merit. Plaintiffs repeatedly mischaracterize the two waived questions as "additional common questions" that are simply being added in light of discovery or other developments in the case.  ECF No. 637, at 3-4.  That is not the situation here.  The common questions at issue here are questions that have been removed from the case because of Plaintiffs' deliberate actions on appeal, leading the Second Circuit to deem them waived, *Elisa W. v. City of New York*, 82 F.4th 115, 124 n.4 (2d Cir. 2023), and the District Court to recognize that it was "barred" from "reviewing the two waived common questions on remand." *Elisa W. v. City of New York*, No. 15-CV-5273, 2024 WL 3913089, at *4 n.3 (S.D.N.Y. Aug. 23, 2024).  That directive remains in full force and effect.

The cases on which Plaintiffs rely (ECF No. 637 at 4-5), are therefore inapposite. Plaintiffs' restatement of the waived common questions is not merely an effort to "revisit class determinations," as they blithely suggest by citing *Laurent v. Pricewaterhouse-Coopers LLP*, 565 F. Supp. 3d 543, 548 (S.D.N.Y. 2021). Nor is it akin to the post-certification request to certify a sub-class that was permitted in *Oliver v. Am. Express Co.*, No. 19-CV-566-NGG-SJB, 2024 WL 217711, at *1 (E.D.N.Y. Jan. 19, 2024). Plaintiffs are not "entitled to request the Court to alter or amend its class certification order to certify additional common questions of fact after discovery," ECF No. 637 at 4, where the "additional common questions" they are trying to add are the very questions they have waived. Notably, the questions were waived *after* Plaintiffs conducted extensive discovery and moved for class certification.

Plaintiffs' reply brief thus exposes their request for what it is: an attempt to rewrite history. That effort runs headlong into the law of the case. Under that doctrine, "[A] decision on an issue of law made at one stage of a case becomes binding precedent to be followed in subsequent stages of the same litigation." *In re PCH Assocs.*, 949 F.2d 585, 592 (2d Cir. 1991). That is especially true here, where the Court of Appeals has found waiver and Judge Wood has already rejected Plaintiffs' effort to include these same waived common questions following remand.

Nor should Plaintiffs be permitted to include factual claims and arguments related to, or in support of, the waived common questions. As the Second Circuit has already ruled, "any arguments regarding those common questions" have been waived. *Elisa W. v. City of New York*, 82 F.4th at 124 n.4. Plaintiffs may have surviving common questions regarding "placement, training, case management and permanency planning practices," ECF No. 637 at 6, but that does not mean that they can bootstrap the waived common questions onto the surviving ones. Whatever Plaintiffs can establish to support commonality or typicality as to permanency and training, for example, they cannot support those common questions with facts and arguments about agency supervision of the foster care provider. Allegations about placement and training practices may amount to policies and practices sufficient to support municipal liability, but those allegations are distinct from the allegations about agency supervision that Plaintiffs have waived. And while it is undeniably true that children who suffer maltreatment in foster care are harmed, Plaintiffs are seeking prospective injunctive relief, not damages. Thus, following waiver of the common question regarding maltreatment in care, allegations about maltreatment in care are not relevant and should be removed from the complaint.

Finally, Plaintiffs' suggestion that they can simply strike two paragraphs from the Proposed SAC, ECF No. 637, at 5 n.1, fails to recognize that factual assertions and arguments relating to the waived common questions permeate the Proposed SAC. Including such factual assertions and

CLIFFORD CHANCE US LLP

arguments at this stage potentially opens the door to expansive and burdensome discovery on those waived questions. To give effect to Plaintiffs' waiver and to the law of the case, their effort to open the door to broad and ultimately irrelevant discovery must be precluded.

In sum, Plaintiffs' Reply Brief confirms that they had no basis whatsoever for including the two waived common questions in their Proposed SAC. Plaintiffs apparently hoped that no one would notice that they were once again trying to include waived questions, after being told by the Second Circuit and by Judge Wood that those questions had been waived. That approach to the filing of an amended complaint is not only futile, but frivolous. *See* Fed. R. Civ. P. 11.

Plaintiffs' request to file their Proposed Second Amended Complaint should be denied.

Respectfully submitted,

Celeste L.M. Koeleveld
Julia A. Krusen
Ravid Reif
Kira Tsougarakis
CLIFFORD CHANCE US LLP

David S. Thayer
Jonathan L. Pines
OFFICE OF THE CORPORATION COUNSEL,
CITY OF NEW YORK

cc:   All Counsel of Record (*via ECF*)