UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELISA W., et al.,

                              Plaintiffs,

v.

THE CITY OF NEW YORK, et al.,

                              Defendants.

CIVIL ACTION NO. 15 Civ. 5273 (JAV) (SLC)

**OPINION AND ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

## I. INTRODUCTION

Plaintiffs, when they filed this action in 2015, were a class of 19 children in New York City's foster care system who have sued New York City's Administration for Children's Service ("ACS" or "City Defendant") and its overseeing agency, the New York State Offices of Children and Family Services ("OCFS" or "State Defendant", with the City Defendant, "Defendants")[1] alleging widespread and systemic failures of the foster care system in New York City.  See Elisa W. v. City of N.Y., 82 F.4th 115, 119-20 (2d Cir. 2023) ("Elisa W. II"); Elisa W. v. City of N.Y., No. 15 Civ. 5273 (KMW), 2024 WL 3913089 (S.D.N.Y. Aug. 23, 2024) ("Elisa W. III") (granting in part Plaintiffs' motion to certify class).[2]  (See ECF No. 91 (the "FAC")).

Before the Court is Plaintiffs' Motion for Leave to Amend the FAC (ECF No. 623) (the "Motion") and file the Proposed Second Amended Complaint ("PSAC"). (ECF No. 625-1).

For the reasons set forth below, Plaintiffs' Motion to Amend is **GRANTED IN PART and DENIED IN PART**.[3]

---

[1] Plaintiffs also name as a defendant the Commissioner of OCFS in her official capacity (ECF No. 625-2 ¶¶ 3, 226).  For simplicity, we generally refer only to the City or State Defendants, or Defendants.
[2] Internal citations and quotation marks are omitted from case citations unless otherwise noted.
[3] "A motion to amend is not a dispositive motion[,]" Media Glow Digital, LLC v. Panasonic Corp. of N. Am., No. 16 Civ. 7907 (PGG), 2020 WL 3483632, at *3 (S.D.N.Y. June 26, 2020), and therefore, the undersigned

1

## II. BACKGROUND

The Court assumes the parties' familiarity with the factual and procedural background of this action. See Elisa W. II, 82 F.4th at 119-21; Elisa W. III, 2024 WL 3913089, at *1-2; ECF No. 278. We summarize only the additional background necessary to analyze the Motion.

### A. Procedural History

On July 8, 2015, Plaintiffs filed the original Complaint, (ECF No. 1), and on December 29, 2015, filed the FAC. (ECF No. 91). In late 2015, Plaintiffs moved for certification of a class of "children who are now or will be in the foster care custody of the Commissioner of New York City's Administration for Children's Services." (ECF No. 87 at 1–2 (the "First Class Motion")). On September 27, 2016, the Honorable Laura Taylor Swain denied the First Class Motion without prejudice to renewal if Plaintiffs met their burden to demonstrate that each of the requirements of Federal Rule of Civil Procedure 23 had been satisfied. (ECF No. 282 at 3–4).

On February 19, 2016 and January 26, 2017, respectively, the City and State Defendants each filed partial motions to dismiss. (ECF Nos. 114; 340). On September 12, 2016, Chief Judge Swain granted the City Defendant's motion in part, dismissing a portion of Plaintiffs' claims under the Adoption Assistance and Child Welfare Act of 1980, 42 U.S.C. § 671 et seq. ("AACWA"), as well as claims asserted directly against ACS and its then-Commissioner Gladys Carrión, without prejudice to litigating those claims against the City directly. (ECF No. 278). On September 11, 2017, Chief Judge Swain granted the State Defendant's motion in part, dismissing claims asserted by former New York City Public Advocate Letitia James. (ECF No. 397).

---

has the authority to decide the Motion by this Opinion and Order. See Olshan Frome Wolosky LLP v. Cmte. to Restore Nymox Shareholder Value Inc., No. 24 Civ. 2134 (ALC) (SLC), 2025 WL 880545, at *1 n.1 (S.D.N.Y. Mar. 21, 2025).

The parties proceeded to discovery, and on July 30, 2019, Plaintiffs renewed their motion for class certification (the "Second Class Motion"), seeking to certify a class of "children who are now or will be in the foster care custody of the Commissioner of ACS," and two subclasses consisting of (1) "all children who have been in ACS custody for more than two years and whose cases require 'special scrutiny' pursuant to ACS policy," and (2) "all children for whom Contract Agencies failed to assess and document compelling reasons every three months to justify the decision not to file a termination of parental rights ('TPR') petition after the children had been in care for 15 of the prior 22 months." (ECF No. 439). On September 3, 2021, the Honorable Kimba Wood, to whom the action had been reassigned, denied the Second Class Motion. See Elisa W. v. City of N.Y., No. 15 Civ. 5273 (KMW), 2021 WL 4027013 (S.D.N.Y. Sept. 3, 2021) ("Elisa W. I"). The Second Circuit granted Plaintiffs' request to file an interlocutory appeal, during the pendency of which the action was stayed. (ECF Nos. 544-48). On September 19, 2023, the Second Circuit reversed, finding error in the analysis of the commonality and typicality elements under Rule 23. See Elisa W. II, 82 F.4th at 122–28.

On remand, Judge Wood certified a class comprised of "children who are now, or will be, in the foster case custody of the Commissioner of ACS[,]" (the "Class"). Elisa W. III, 2024 WL 3913089, at *9. Judge Wood certified one common question of law as to OCFS and four common questions of law against ACS (id. at 4–6), but noted that Plaintiffs had waived two questions—(1) whether ACS exercised adequate oversight of the Contract Agencies,[4] and (2) whether ACS's practices protect children from an increased risk of maltreatment—by failing to raise them on

---

[4] The "Contract Agencies" are the 25 entities with which the City Defendant contracted to provide foster care to the children in the Class. (ECF No. 625-1 ¶ 6).

3

appeal. (Id. at 4 n.3). Judge Wood subsequently denied the City Defendant's motion for reconsideration. (ECF Nos. 585; 601).

On January 14, 2025, the Court entered an amended case management plan, which set a briefing schedule for the Motion and a fact discovery deadline of March 30, 2026. (ECF No. 605 (the "ACMP")).

### B. The Motion

Because all the original Plaintiffs have been discharged from the foster care system, Plaintiffs seek to add four additional plaintiffs to preserve the Class and ensure that the class consists of children who are currently in ACS custody. (ECF No. 624 at 7; 22–24). Plaintiffs also seek to substitute the named Plaintiffs who have reached the age of majority in place of their next friends, who had been litigating on behalf of those Plaintiffs. (Id. at 7, 24–26). Plaintiffs' PSAC contains five categories of additional changes:[5]

1. Updates to the factual allegations regarding the 19 Plaintiffs;
2. Factual allegations regarding four new Plaintiffs;
3. Removal of claims by the Public Advocate and against the ACS and ACS Commissioner given prior court orders;
4. Edits to Count V to reflect new contract between ACS and contract agencies; and
5. Revisions to factual allegations to update statistics and other changes since the commencement of this action.

(Id. at 15–16).

Defendants do not oppose most of these ministerial changes. The City Defendant's only challenge to the Motion is on grounds of futility, i.e., that allowing Plaintiffs to raise in the PSAC

---

[5] Because neither Defendant directly opposes any of the changes in these five categories, we grant Plaintiffs leave to make factual and statistical updates as proposed in the PSAC without further discussion. (See generally ECF Nos. 635; 636).

two common questions that Judge Wood found that they waived on appeal would be futile. (ECF No. 636). The State Defendant, on the other hand, solely challenges the sufficiency of Plaintiffs' allegations, claiming that the PSAC cannot withstand a motion to dismiss. (ECF No. 635).

Plaintiffs filed a Reply in further support of the Motion (ECF No. 637), and, with the Court's permission, the City Defendant filed a Sur-Reply. (ECF No. 640).

### III. LEGAL STANDARD

**A. Federal Rule of Civil Procedure 15**[6]

Under Federal Rule of Civil Procedure 15, the Court may permit a party to amend its pleading when justice so requires. Fed. R. Civ. P. 15(a)(2). A district court may deny leave to amend "'for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'" Jermaine Dunham v. City of N.Y., No. 11 Civ. 1223 (ALC)(HBP), 2014 WL 1760330, *1 (S.D.N.Y. May 2, 2014) (quoting Holmes v. Grubman, 568 F.3d 329, 334 (2d Cir. 2009)). An amendment is futile if it would not survive dismissal under Rule 12(b)(6) for want of "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Brodt v. City of N.Y., 4 F. Supp. 3d 562, 567 (S.D.N.Y. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Facial plausibility exists when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[6] The ACMP did not set a deadline after which amended pleadings are prohibited, only a briefing schedule for the Motion. (ECF No. 605 at 1–2). Thus, as the parties recognize (see ECF Nos. 624; 635; 636), the more liberal standard in Rule 15(a)(2), rather than the "good cause" standard in Federal Rule of Civil Procedure 16(b), applies. See Sacerdote v. N.Y. Univ., 9 F.4th 95, 115 (2d Cir. 2021) (explaining that "[t]he period of liberal amendment [under Rule 15(a)(2)] ends if the district court issues a scheduling order setting a date after which no amendment will be permitted"); Olshan Frome Wolosky, 2025 WL 880545, at *5 n.4 (applying Rule 15(a)(2) where no prior order set deadline after which amended pleadings were prohibited).

alleged." Id. Prejudice occurs when an amendment would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." Soroof Trading Dev. Co., Ltd v. GE Microgen, Inc., 283 F.R.D. 142, 147 (S.D.N.Y. 2012) (citing Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993)). "Consistent with the liberal principles underlying Rule 15(a)(2), the party opposing the amendment has the burden of establishing that leave to amend would be unduly prejudicial or futile." Pilkington N. Am., Inc. v. Mitsui Sumitomo Ins. Co. of Am., No. 18 Civ. 8152 (JFK), 2021 WL 4991422, *5 (S.D.N.Y. Oct. 27, 2021) (citing Ho Myung Moolsan Co. v. Manitou Min. Water, Inc., 665 F. Supp. 2d 239, 250 (S.D.N.Y. 2009)).

### B. Federal Rule of Civil Procedure 21

While motions to amend a complaint are typically governed by Rule 15(a), Rule 21 is the operative rule if the proposed amendment adds new parties. See Bridgeport Music, Inc. v. Universal Music Group, Inc., 248 F.R.D. 408, 412 (S.D.N.Y. 2008). Under Rule 21, a party may be added to an action at any time. Id. "In exercising its discretion under Rule 21, the court must consider principles of fundamental fairness and judicial efficiency[,]" considering "whether an order under Rule 21 would prejudice any party, or would result in undue delay." In re Merrill Lynch & Co. Res. Repts. Sec. Litig., 214 F.R.D. 152, 155 (S.D.N.Y. 2003).

## IV. ANALYSIS

### A. Addition and Substitution of Plaintiffs

#### 1. Addition of Four New Plaintiffs

Plaintiffs seek to add four new Plaintiffs: Khloe R., Kareem R., Zara L., and Jordan R. (the "New Plaintiffs"). (ECF No. 624 at 7; 22–24). The New Plaintiffs are four children who are allegedly suffering physical and/or emotional harm at the hands of Defendants. (ECF No. 625-1 ¶¶ 58–71). Plaintiffs argue that the New Plaintiffs satisfy all four requirements of Federal Rule of Civil Procedure 23—numerosity, commonality, typicality, and adequacy—to represent the Class. (ECF No. 624 at 22).

With respect to commonality, the Plaintiffs argue that the New Plaintiffs' experiences in foster care raise the same common questions with respect to the adequacy of Defendants' policies and practices. (Id.). Khloe and Kareem R. were denied timely medical and dental services and were under the supervision of a case worker who falsified visitation records pertaining to them. (Id. at 12, 23; see ECF No. 625-1 ¶¶ 176–82). Zara L. is a 17-year-old who alleges that she became a victim of sex trafficking while in ACS custody. (ECF Nos. 624 at 12, 23; 625-1 ¶¶ 190, 195-203). Jordan R. alleges that his contract agency has for years failed to transfer his case to Pennsylvania, where he lives, and that even though his foster mother wants to adopt him, he has been neglected in ACS custody for over eight years. (ECF Nos. 624 at 13, 23–24; 625-1 ¶¶ 208–18). Plaintiffs further argue that the New Plaintiffs are adequate representatives of the Class based on their common interests with the Class and similar exposure to harm by Defendants. (ECF No. 624 at 24).

Amending a complaint to add class representatives is appropriate when a concern arises with a class representative's adequacy. See Haley v. Teachers Ins. & Annuity Assoc., 337 F.R.D. 462, 478 (S.D.N.Y. 2020). Here, given the length of time this action has been pending, Plaintiffs are justifiably concerned with the transitory nature of the Class. (ECF No. 624 at 6, 15). Because the original Plaintiffs have now left the foster care system, the addition of the New Plaintiffs is warranted to maintain the Class of "children who are now will be in the foster care custody of the Commissioner of ACS." Elisa W. III, 2024 WL 3913089, at *9. Furthermore, neither Defendant contests the addition of the New Plaintiffs. There is no evidence that there would be an undue delay of this action or prejudice to any Defendant resulting from the addition of the four New Plaintiffs, and the Court sees no reason to preclude their joinder.

Accordingly, Plaintiffs' request to add New Plaintiffs Khloe R., Kareem R., Zara L., and Jordan R, is GRANTED.

### 2. Replacing Next Friends

Plaintiffs Alexandria R. and Emmanuel S., having reached the age of majority, request that they be permitted replace their respective next friends, who have been pursuing the claims on their behalf. (ECF No. 624 at 20; see ECF No. 91 ¶¶ 21, 159).

As relevant here, Federal Rule of Civil Procedure "17(a)(3) allows substitution of the real party in interest so long as doing so does not change the substance of the action and does not reflect bad faith from the plaintiffs or unfairness to the defendants." Klein on behalf of Qlik Techs., Inc. v. Qlik Techs., Inc., 906 F.3d 215, 218 (2d Cir. 2018). The substitution requested here is a formality because Alexandria R. and Emmanuel S. reached the age of majority. (ECF Nos. 625-

1 ¶¶ 19, 161; 625-3; 625-4; 626-1 ¶ 2; 626-2 ¶ 2).[7] This proposed amendment does not alter the substance of these plaintiffs' factual allegations. Indeed, this Court previously made a similar substitution with another plaintiff, Elisa W., who was initially represented by her next friend but proceeded later to represent herself when she reached the age of majority. (ECF No. 416 at 45). Finally, neither Defendant opposes this request, let alone describes any prejudice that would result.

Plaintiffs also request that Emmanuel S. be substituted as a next friend for his brother, Matthew V., who suffers a mental illness and is therefore not competent to represent his own interests. (ECF Nos. 624 at 26; 625-4; 626-2 ¶ 2). An infant or incompetent person can sue through a next friend. Fed. R. Civ. P. 17(c). A "next friend" "include[s] any one who has an interest in the welfare of an infant [or incompetent] who may have a grievance or a cause of action." Ad Hoc Comm. of Concerned Teachers v. Greenburgh No. 11 Union Free Schl. Dist., 873 F.2d 25, 31 (2d Cir. 1989) (citing Child v. Beame, 412 F. Supp. 593, 599 (S.D.N.Y. 1976)).

Emmanuel S. is Matthew V.'s brother, and the record reflects that he has a personal relationship with Matthew V. and can represent his interests in this litigation. (ECF Nos. 625-1 ¶ 162; 625-4; 626-2 ¶2). Neither Defendant has opposed this substitution.

Accordingly, Plaintiffs' requests to substitute Alexandria R. and Emmanuel S. for their next friends, and Emmanuel S. as next friend of Matthew V. are GRANTED.

---

[7] Also pending is Plaintiffs' motion to file under seal two declarations (ECF Nos. 625-3; 625-4; 626) they filed in support of the Motion (the "Sealing Motion") (ECF No. 622). Neither Defendant opposes this sealing, and the Declarations both contain personal information about, inter alia, the emotional impact of minors' experiences in foster care. Accordingly, we grant the Sealing Motion and have considered the sealed declarations in analyzing the Motion.

**B. Inclusion of Previously Waived Common Questions Would Be Futile.**

The PSAC lists questions of fact common to the Class (ECF No. 625-1 ¶ 234), including two common questions to which the City Defendant objects: (1) whether ACS exercises adequate oversight of the Contract Agencies, and (2) whether ACS's practices protect children from an increased risk of maltreatment. (Id. at ¶234(e) and (f)). The City Defendant argues that the inclusion of these two common questions would be futile based on the Second Circuit's determination that Plaintiffs waived the two questions when they failed to reassert them on appeal. (ECF No. 636 at 7). See Elisa W. II, 82 F.4th at 124 n.4 (noting that, because Plaintiffs did not re-assert these two questions on appeal, "any arguments regarding those questions are waived"). The City Defendants also note that in the Second Class Motion, Judge Wood concluded that the Second Circuit's decision precluded considering those two waived common questions on remand. Elisa W. III, 2024 WL 3913089, at *4 n.3. (See ECF No. 636 at 6–7). Plaintiffs counter that these two common questions do not affect the causes of action asserted in the PSAC nor whether the class remains certifiable. (ECF No. 637 at 8). Plaintiffs rely on Laurent v. PricewaterhouseCoopers LLP, 565 F. Supp. 3d 543 (S.D.N.Y. 2021) and Oliver v. Am. Express Co., No. 19 Civ. 566 (NGG) (SJB), 2024 WL 217711 (E.D.N.Y. Jan. 19, 2024), to support their assertion that a class certification order can subsequently be modified. (ECF No. 637 at 8).

The City Defendant has the better of the arguments. "[A]n amendment is futile where a plaintiff tries to include a waived claim in an amended pleading." E. Materials Corp. v. Mitsubishi Plastics Composites Am., Inc., 307 F. Supp. 3d 52, 62 (E.D.N.Y. 2018). In addition, under the law of the case doctrine (see ECF No. 640 at 2), "a decision on an issue of law made at one stage of a case becomes binding precedent to be followed in subsequent stages of the same litigation." In

10

re PCH Assocs., 949 F.2d 585, 592 (2d Cir. 1991); see also D'Iorio v. Winebow, Inc., 68 F. Supp 3d 334, 359 (E.D.N.Y. 2014). This doctrine warns courts against revisiting prior rulings in later stages of the same action—which is precisely what Plaintiffs seek to do—absent compelling reasons or the need to correct a manifest injustice. See In re Peters, 642 F. 3d 381, 386 (2d Cir. 2011).

Plaintiffs provide no such compelling reason nor do they point to a manifest injustice ripe for correction. Further, they fail to cite any authority to support their contention that they can reassert in the PSAC a waived common question of fact for class certification. While Laurent and Oliver discuss the Court's ability to amend a class certification order, neither addresses the situation here, where the Court has already determined that Plaintiffs waived the two of the common questions. Even if Judge Wood were to revisit the Class, that would not include "disturb[ing] [her] prior findings absent some significant intervening event or a showing of compelling reasons to reexamine the question." Gulino v. Bd. of Educ., 907 F. Supp. 2d 492, 504 (S.D.N.Y.2012), aff'd, 555 Fed. App'x 37 (2d Cir. 2014). Plaintiffs do not request any change to the Class, and even if they did, they have not shown a significant intervening event or other compelling reason to modify the Class.

Accordingly, the PSAC may not include the following common questions to the class—(1) whether ACS exercises adequate oversight of the Contract Agencies, and (2) whether ACS's practices protect children from an increased risk of maltreatment—and must be stricken from the PSAC.

### C. The State Defendant's Sufficiency Arguments

The State Defendant's objections to the PSAC include that: (1) Plaintiffs fail to support a cognizable theory of supervisory liability against OCFS; (2) Plaintiffs fail to add any significant factual allegations against them despite extensive discovery that has taken place surrounding OCFS's oversight mechanisms; and (3) the PSAC would not survive the State Defendant's motion to dismiss for failure to state a claim of inadequate supervision. (See ECF No. 635). Rather than identifying any of Plaintiffs' amendments in the PSAC that they oppose, they appear to suggest that the PSAC in its entirety, would be futile. (Id. at 5–6). Plaintiffs respond that the State Defendant's arguments are untimely and have been previously rejected. (ECF No. 637 at 11–15).

For the reasons set forth below, we conclude that neither of the State Defendant's arguments demonstrate that the PSAC is futile.

#### 1. The State Defendant's Arguments are Untimely.

If the State Defendant's interpretation of the PSAC is correct—that Plaintiffs added very little to the FAC with respect to the State Defendant and that the PSAC fails to plead vicarious liability or inadequate supervision—then the State Defendant should have made these arguments when they moved to dismiss in 2017. When they filed that motion, however, the State Defendant solely asserted arguments relating to the Public Advocate's lack of standing and whether Plaintiffs had a private right of action to enforce the AACWA; they did not make the argument that Plaintiffs' allegations failed to state a claim against the State Defendant. (See ECF No. 341). Plaintiffs correctly point out that "courts have refused to consider arguments that could have been made in an original motion to dismiss that were re-asserted in a motion to dismiss an amended complaint or in opposition to the filing of an amended complaint." (ECF

No. 637 at 7 (citing Falcon v. City Univ. of N.Y., No. 15 Civ. 3421 (ADS) (ARL), 2016 WL 3920223, at *14 (E.D.N.Y. July 15, 2016)). If there were new factual allegations in the PSAC against the State Defendant, our conclusion might be different; however, the factual allegations regarding the New Plaintiffs resemble those of the original Plaintiffs, and this is undisputed by the State Defendant. See Naples v. Stefanelli, No. 12 Civ. 4460 (JS) (ARL), 2015 WL 541489, at *5 (S.D.N.Y. Feb. 7, 2015) (concluding that defendants waived the right to assert new defense in their second motion to dismiss because the factual allegations in first and second amended complaints were identical).

Because the State Defendant could have asserted in its 2017 motion to dismiss the failure-to-state-a-claim arguments that it now asserts in opposition to the Motion, those arguments are untimely and do not preclude Plaintiffs' amendments.

### 2. Judge Wood Rejected The State Defendant's Futility Arguments.

The State Defendant previously advanced—and Judge Wood rejected—the same futility arguments in opposition to Plaintiffs' Second Class Motion. First, the State Defendant argues that Plaintiffs cannot establish vicarious liability on the part of OCFS. (ECF No. 635 at 8). The State Defendant included this argument in its supplemental brief in further opposition to the Second Motion (ECF No. 562), and Judge Wood rejected it, finding that Plaintiffs were not alleging vicarious liability in the FAC, but rather that OCFS's inadequate oversight practices contributed to Plaintiffs' damages. See Elisa W. III, 2024 WL 3913089, at *6. The State Defendant does not identify any new allegations in the PSAC that suggest Plaintiffs are now trying to hold it vicariously liable; rather, it cites paragraph 241 of the PSAC—which was in the FAC (see ECF No. 625-2 at ¶ 241)—to argue that Plaintiffs impute vicarious liability on the State Defendant. (ECF No. 635

at 13). Therefore, this argument was previously raised, and rejected, and cannot now be renewed.

Similarly, the State Defendant argues that Plaintiffs have failed to plead in the PSAC a claim of inadequate supervision, which it also raised in opposition to the Second Class Motion. (See ECF No. 562 at 19). Judge Wood rejected it then as well, finding that "Plaintiffs have offered sufficient evidence at this stage of the case to demonstrate that whether OCFS exercises adequate oversight of ACS is a common question capable of classwide resolution." Elisa W. III, 2024 WL 3913089, at *6.

By raising two arguments Judge Wood has previously rejected, the State Defendant is impermissibly attempting to seek a "second bite at the apple." See Galland v. Johnston, No. 14 Civ. 4411 (RJS), 2015 WL 1290775, at *5 (S.D.N.Y. Mar. 19, 2015) (quoting Thomas v. Astrue, 674 F. Supp. 2d 507, 511 (S.D.N.Y.2009)). "'When a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case.'" U.S. v. Crowley, 318 F.3d 401, 420 (2d Cir. 2003) (quoting U.S. v. Uccio, 940 F.2d 753, 758 (2d Cir. 1991)). The State Defendant has not asserted any new arguments regarding any of the additions or changes to the PSAC but, rather, appears to make a blanket objection to the PSAC, which we will not entertain. See Wilson v. Fabric Cellar, Inc., No. 20 Civ. 244S (WMS), 2021 WL 2942354, at *3 (W.D.N.Y. Jul. 13, 2021) (explaining that defendant's repetition of same argument raised in motion to dismiss did not warrant denial of leave to amend).

Accordingly, the State Defendant has not established that granting Plaintiffs leave to file the PSAC would be futile.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave to Amend is **GRANTED IN PART and DENIED IN PART** as follows:

1. Plaintiffs' request to add the four New Plaintiffs, substitute plaintiffs Alexandria R. and Emmanuel S. for their respective next friends, substitute Emmanuel S. as a next friend for Matthew V., and make other factual updates as outlined in the redline version of the PSAC is GRANTED.

2. Plaintiffs' request to add the following two common questions of law – (1) whether ACS exercises adequate oversight of the Contract Agencies, and (2) whether ACS's practices protect children from an increased risk of maltreatment – is DENIED.

3. Plaintiffs' Sealing Motion (ECF No. 622) is GRANTED.

Plaintiff shall file the PSAC consistent with this Opinion and Order by **Thursday June 5, 2025.** The Clerk of the Court is directed to close ECF Nos. 622 and 623.

Dated:     New York, New York
           May 22, 2025

SO ORDERED.

_____
SARAH L. CAVE
United States Magistrate Judge

15