UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                  :
ELISA W., et al.,                                                 :
                                                                  :
                                  Plaintiffs,                     :
                                                                  :        15-CV-05273 (JAV) (SLC)
              -v-                                                 :
                                                                  :             ORDER
THE CITY OF NEW YORK, et al.,                                     :
                                                                  :
                                  Defendants.                     :
                                                                  :
-------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

On December 15, 2025, pursuant to Federal Rule of Civil Procedure 72(a), Plaintiffs filed

objections to Magistrate Judge Cave's December 2, 2025 Post-Conference Order, ECF No. 706

("Order").  ECF No. 712 ("Objection" or "Obj.").  The Order memorialized the Magistrate

Judge's denial of Plaintiffs' oral motion to compel the State Defendants to leave unredacted the

full names of all children and family members that appeared in the State Defendant's document

productions, to the extent their names appear in documents pre-dating class certification.  *See*

ECF No. 708 at 11:21–14:2.  Plaintiffs argue that Magistrate Judge Cave's ruling is contrary to

law and request the Court to set aside the Order and grant Plaintiffs' motion to compel State

Defendant to produce certain documents without redaction of names.  Plaintiffs' Objection is

**OVERRULED**.

Under Rule 72(a), "[w]hen a pretrial matter not dispositive of a party's claim or defense

is referred to a magistrate judge to hear and decide," the district judge "must consider timely

objections and modify or set aside any part of the order that is clearly erroneous or is contrary to

law." Fed. R. Civ. P. 72(a).  "A ruling is clearly erroneous where, although there is evidence to

support it, the reviewing court is left with the definite and firm conviction that a mistake has

been committed." *Sportvision, Inc. v. MLB Advanced Media, LP*, No. 18-CV-3025 (PGG), 2025 WL 1883367, at *6 (S.D.N.Y. July 8, 2025) (cleaned up) (quoting *United States v. Chowdhury*, 639 F.3d 583, 585 (2d Cir. 2011)).  "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure." *Id.* (cleaned up).

Since discovery rulings are considered non-dispositive of an action, this standard applies here.  "This standard of review is highly deferential." *BS BIG V, LLC v. Philadelphia Indem. Ins. Co.*, No. 19-CV-4273 (GBD) (SLC), 2022 WL 4181823, at *3 (S.D.N.Y. Sept. 13, 2022) (cleaned up).

"Additionally, Rule 72(a) precludes the district court from considering arguments that were not presented to the magistrate judge." *Id.* (cleaned up).  Accordingly, "new arguments and factual assertions cannot properly be raised for the first time in objections to a magistrate judge's [memorandum and order], and indeed may not be deemed objections at all." *Id.* (cleaned up).

Plaintiff presents two primary objections to the Order.  First, Plaintiffs argue that the Order fails to address class counsel's entitlement to the names of class members.  Obj. at 8-11. Second, Plaintiffs argue that the Order fails to consider whether the protective order currently in place adequately protects non-party privacy interests according to extensive case law.  *Id.* at 1-2, 11-18.

Both of Plaintiffs' objections fail to demonstrate that Magistrate Judge Cave's Order was contrary to law or clearly erroneous.  "A court may permit redactions of personal data such as contact information on a finding of good cause based on a need to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *McConkey v. Churchill Sch. & Ctr.*, No. 24-CV-06091 (LJL), 2025 WL 1928552, at *1 (S.D.N.Y. July 14, 2025) (cleaned up).  Here, Judge Cave found there was good cause to permit the redactions issue in

order to balance the State Defendant's "obligation[] to . . . respond fully and candidly to the [P]laintiffs' request for information and, in particular, additional information about children who may be members of the class" and its "obligation to protect the privacy of nonparties, that is, children who are not members of the class and their family members."  Having reviewed the Magistrate Judge's decision and the arguments in Plaintiffs' Objection, the Court finds that Magistrate Judge Cave's analysis is not contrary to law or clearly erroneous.  In particular, the Magistrate Judge specifically found that the requested motion to compel would encompass both names of class members as well as children and family members of non-class members, and appropriately balanced the needs of counsel to have access to information regarding class members with the privacy rights of non-class members.  ECF No. 708 at 12:3-24.

Plaintiffs' Objection is **OVERRULED**.

SO ORDERED.

Dated:  April 2, 2026
    New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

3