UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------x

ELISA W., *et al.*,

|                          |                              |
|--------------------------|------------------------------|
| Plaintiffs,              | [~~PROPOSED~~]               |
| -against-                | **UNSEALING ORDER**          |
|                          | 15 Civ. 5273 (JAV)(SLC)      |
| CITY OF NEW YORK, *et al.,* |                           |
| Defendants.              |                              |

-----------------------------------------------x

**UPON THE APPLICATION OF CITY DEFENDANT IN THE ABOVE-CAPTIONED MATTER, WITH STATE DEFENDANT TAKING NO POSITION AND WITH PLAINTIFFS' CONSENT, for the unsealing of foster care and adoption records, as defined in 18 NYCRR § 428.8 and N.Y. Domestic Relations Law ("DRL") § 114(4), pertaining to adopted Named Plaintiff Children and other Plaintiff Children that might otherwise be protected from disclosure by N.Y. DRL § 114(2); N.Y. Family Court Act § 166; and 22 NYCRR § 205.5;**

**WHEREAS,** twelve of the twenty-three Named Plaintiff Children have been adopted: Alexandria R., Ayanna J., Olivia R., Ana-Maria R., Dameon C., Tyrone M., Brittney W., Mikayla G., Myls J., Malik M., Emmanuel S., and Matthew V.;

**WHEREAS,** there are numerous other Plaintiff Children—non-named children who form the class "of all children who are now or will be in the foster care custody of Commissioner of New York City's Administration for Children's Services"—who have been

1

or will be adopted since the class was certified on August 23, 2024;

**WHEREAS,** pursuant to N.Y. DRL § 114(1), the record of the adoption and all other papers pertaining to the adoption are sealed once an adoption is approved, and pursuant to N.Y. DRL § 114(2), "[n]o order for disclosure or access" to such records "shall be granted except on good cause shown and on due notice to the adoptive parents and such additional persons as the court may direct";

**WHEREAS**, Plaintiffs submit that federal law governs confidentiality protections for documents produced in the above-captioned action, and that the Second Amended Protective Order appropriately protects the confidentiality interests of Plaintiff Children who have been or will be adopted, but Plaintiffs nevertheless agree that notice to adoptive parents where feasible is desirable, and in the interests of clarity as to Defendants' obligations Plaintiffs consent to the entry of this Unsealing Order;

**WHEREAS**, class counsel have notified the adoptive parents of the adopted Named Plaintiff Children, as set forth in N.Y. DRL § 114(2), of this application to unseal the adoption records of adopted Named Plaintiff Children for the limited purpose of litigating the above-captioned action, as set forth in this Unsealing Order;

**WHEREAS,** it is impractical, given the size of the class, to identify and notify the adoptive parents of the remaining adopted Plaintiff Children, but the privacy and confidentiality concerns that underlie the DRL are nevertheless sufficiently and adequately addressed because the records will be unsealed for the limited purpose of litigating this action, as set forth in this Unsealing Order, and will only be disclosed pursuant to the Second Amended Protective Order entered and filed on August 23, 2017 in this action (ECF No. 391), and because the personally identifiable information of individuals who do not fall within the

definition of "Protected Person" in the Second Amended Protective Order contained in these records will be redacted;

**WHEREAS**, the parties have established good cause for the unsealing of adoption records pertaining to adopted Plaintiff Children for the purposes of the above-captioned action pursuant to N.Y. DRL § 114(2) in that (i) there is a compelling need for Plaintiff Children's adoption records to prove or disprove elements of Plaintiffs' claims asserted in the Second Amended Complaint and the information contained therein cannot otherwise be obtained or produced, (ii) the records will only be unsealed for the limited purpose of litigating the above-captioned action as set forth in this Unsealing Order, and (iii) the records will only be disclosed pursuant to the Second Amended Protective Order; and

**WHEREAS,** the Court has the authority to unseal the adoption records in connection with this action;

**IT IS HEREBY ORDERED** that the adoption records pertaining to adopted Plaintiff Children that are sealed pursuant to N.Y. DRL § 114 are hereby unsealed for use in this action consistent with this Unsealing Order;

**IT IS FURTHER ORDERED** that the City of New York shall not be subject to the statutory sealing requirements of N.Y. DRL § 114 as to sealed records that are in the entity's possession, related to reviewing such records for potential disclosure and disclosing such records to counsel for the parties in the course of litigation in the above-captioned matter;

**IT IS FURTHER ORDERED** that records unsealed pursuant to this Unsealing Order shall be produced to counsel for the parties in the above-captioned matter in accordance with the Second Amended Protective Order; and

**IT IS FURTHER ORDERED** that records produced pursuant to this Unsealing Order

and the information contained in them shall be deemed Confidential Discovery Material under the Second Amended Protective Order, and that the personally identifying information of individuals who do not fall within the definition of "Protected Person" in the Second Amended Protective Order contained in such records shall be redacted consistent with the Second Amended Protective Order.

DATED:      New York, NY
            May **12**, 2026

                                         _____
                                         SARAH L. CAVE
                                         United States Magistrate Judge

4