UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
--

ELISA W., et al.,

Plaintiffs,

-v-

CITY OF NEW YORK, et al.,

Defendants.
---------------------------------------------------------------X

15-CV-05273 (JAV) (SLC)

MEMORANDUM OPINION AND ORDER

JEANNETTE A. VARGAS, United States District Judge:

Plaintiffs, representing a class of children who currently are or will be in the foster care custody of the City of New York Administration for Children's Services ("ACS" or "City Defendant"), have sued the City Defendant and its overseer, Damia Harris-Madden, Commissioner of the New York State Offices of Children and Family Services ("OCFS or "State Defendant," with the City Defendant, "Defendants"), alleging systemic failures of the foster care system in New York City. *See* ECF No. 577, ¶¶ 3-4. On August 7, 2026, Magistrate Judge Sarah L. Cave issued a Memorandum and Order, ECF No. 771 ("Order"), granting in part and denying in part Plaintiffs' request that Defendants produce 39 additional case files for class members other than the named class representatives—25 from the City Defendant and 14 from the State Defendant. *See* ECF No. 761, ¶¶ 1-4; ECF No. 765, ¶¶ 1-4 (the "Case File Request").

Presently before the Court are Plaintiffs' objections to the Order pursuant to Federal Rule of Civil Procedure 72(a). ECF No. 773 ("Objection" or "Obj.). State

Defendant filed a memorandum of law in opposition to Plaintiffs' objections, ECF No. 776 ("State Def. Mem. of Law in Opp'n to Pls. Obj."), and City Defendant filed a separate memorandum of law joining, adopting and incorporating the arguments set forth by State Defendant. ECF No. 777 ("City Def. Mem. Of Law in Opp'n to Pls. Obj.") ¶ 13. For the reasons that follow, Plaintiffs' Objections are overruled.

**BACKGROUND**

The general factual allegations and procedural history underlying Plaintiff's motion are set forth in Magistrate Judge Cave's Order, familiarity with which is presumed for the purposes of this memorandum opinion and order. In the Order, Magistrate Judge Cave granted in part and denied in part Plaintiffs' Case File Request, ECF No. 761; ECF No. 765, because meeting Plaintiffs' demands would be cumulative and unduly burdensome under Federal Rule of Civil Procedure 26(b)(1), in light of evidence that Plaintiffs already and will soon possess. Order at 12-14. Magistrate Judge Cave also rejected Plaintiffs' proposed limitation of the Case File Request to three of the CONNECTIONS tabs to minimize that burden due to the risks of "presenting an incomplete and inaccurate picture of that child's circumstances" and Defendants' "potential liability." *Id.* at 14. Accordingly, Magistrate Judge Cave required Defendants to produce complete case files for only two additional children each, acknowledging the "importance of having *some* additional case files" in a case that concerns "the treatment of some of New York City's most vulnerable children." *Id.* at 12, 14-15.

## LEGAL STANDARDS

"When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide," the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A ruling is clearly erroneous where, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Sportvision, Inc. v. MLB Advanced Media, LP*, No. 18-CV-3025 (PGG), 2025 WL 1883367, at *6 (S.D.N.Y. July 8, 2025) (cleaned up) (quoting *United States v. Chowdhury*, 639 F.3d 583, 585 (2d Cir. 2011)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure." *Id.* (cleaned up).

Since discovery rulings are considered non-dispositive of an action, this standard applies here. "This standard of review is highly deferential." *BS BIG V, LLC v. Philadelphia Indem. Ins. Co.*, No. 19-CV-4273 (GBD) (SLC), 2022 WL 4181823, at *3 (S.D.N.Y. Sept. 13, 2022) (cleaned up); *see also Harte v. Pace Univ.,* No. 22-CV-03820 (JAV), 2025 WL 2793687, at *2 (S.D.N.Y. Oct. 1, 2025).

Additionally, "magistrates are afforded broad discretion in resolving discovery disputes." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 336 F.R.D. 400, 403 (S.D.N.Y. 2020). When a matter is referred to a magistrate judge for general pretrial purposes, "reversal is appropriate only if their discretion is abused." *Am. Stock Exch., LLC v. Mopex, Inc.,* 215 F.R.D. 87, 90 (S.D.N.Y. 2002).

## DISCUSSION

Plaintiffs present two primary objections to the Order. *See* Obj. at 5-11. First, Plaintiffs argue that Magistrate Judge Cave abused her discretion in limiting their ability to obtain additional evidence because the "outcome of the Order" deprives Plaintiffs of a "meaningful opportunity to establish the facts" necessary for their claims, thereby "affect[ing] their substantial rights," and because it was based upon the erroneous premise that Plaintiffs should be limited at trial to facts related to the Named Plaintiffs. *Id.* at 5-7. Second, Plaintiffs argue that the Order is contrary to law, both because Magistrate Judge Cave misapplied Rule 26(b)(1) in balancing the "marginal burden" of the Case File Request against Defendants' ongoing discovery obligations, and because the Order "improperly credited" a burden "of Defendants' own making," namely, the difficulty of retrieving and collecting information stored in CONNECTIONS. *Id.* at 7-11. None of Plaintiffs' arguments, however, satisfy either the clearly-erroneous or contrary-to-law standards required to overturn Magistrate Judge Cave's well-reasoned and thoroughly detailed Order.

Plaintiff's first argument fails to meaningfully consider the Order's well-reasoned conclusion that complying with Plaintiffs' Case File Request would be cumulative given the "hundreds of thousands of other pages that Defendants are producing in discovery," the 2024 CFSR Report, which assessed whether New York State was in "substantial conformity" with seven child and family outcomes and seven systemic factors, and the OSRI Spreadsheet, which contains rating

summaries for each of the individual cases reviewed in the 2024 CSFR. Order at 9-10, 13-14. Plaintiffs' characterization of the Order as a "nearly categorical bar to an entire category of discovery" ignores the documents they already have at their disposal that relate to the "deficiencies and outcomes" in the foster care system that have impacted both named and absent class members. Obj. at 5; Order at 13. On top of this discovery, Defendants are still required to produce two additional case files each. Order at 13, 15.

Magistrate Judge Cave did not deny Plaintiffs' request for 39 additional case files because she found it necessary to limit discovery to named plaintiffs entirely; she did so because the discovery already produced addresses "systemwide policies and practices that place class members at an increased risk of harm." *Id.* at 13; Obj. at 5. If the aim of Plaintiffs' suit is to expose "systemic failures," the case files, spreadsheets, and reports Plaintiffs have will be more than enough to give them a "meaningful opportunity" to establish the facts at trial. Order at 1; Obj. at 5. On this record, Magistrate Judge Cave did not abuse her discretion in concluding that the full set of case files would be cumulative. Order at 13.

Additionally, Plaintiffs have the case files of the 19 original named plaintiffs. City Def. Mem. Of Law in Opp'n to Pls. Obj. at 12. Such evidence suffices to serve the stated purpose of allowing the Plaintiffs to illustrate at trial the "real-world impacts" of systemic policies and procedures "on the lives of the foster children." Opinion at 7. Plaintiffs have therefore failed to demonstrate that Magistrate Judge Cave abused her discretion in limiting the discovery request.

Plaintiff's second argument fails because Magistrate Judge Cave properly weighed the proportionately of the Case File Request. When assessing proportionality, courts consider (1) "the importance of the issues at stake in the action," (2) "the amount in controversy," (3) "the parties' relative access to relevant information," (4) "the parties' resources," (5) "the importance of the discovery in resolving the issues," and (6) "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Magistrate Judge Cave appropriately concluded that the Case File Request would be "disproportionate to the needs of the case and unduly burdensome." Order at 12. Contrary to Plaintiffs' argument, Magistrate Judge Cave did not balance burden of the Case File Request against the burden of the other discovery Defendants are producing. *See* Obj. at 8. Rather, the Order makes clear that the likely benefit of the additional discovery was assessed in light of the "cumulative nature of the Case File Request" given the documents that Plaintiffs already have, as well as the burden of "extracting, formatting, and redacting the case files." Order at 12-13.

Plaintiffs further contend that the features of CONNECTIONS itself are a burden Defendants "created for themselves." Obj. at 10. Though it may be that "a party's failure to maintain its documents in a searchable manner does not ordinarily justify . . . an excuse not to produce otherwise relevant documents," *Newman & Assocs. v. J.K. Harris & Co.*, No. 04 Civ. 9264 (RJH) (MHD), 2005 WL 3610140, at *1 (S.D.N.Y. Dec. 15, 2005), Defendants' centralized database *is* searchable to the extent that it is organized by cases pertaining to a child's

household. Order at 4. The burden for Defendants lies in *extracting* that data for Plaintiffs. This case is thus unlike *Newman*, where Defendants' 163,000 files were kept in office and in storage such that its documents were not "searchable." *Newman*, 2005 WL 3610140, at *1; *see also* State Def. Mem. of Law in Opp'n to Pls. Obj. at 12 ("State Defendant's asserted burden does not arise from the way CONNECTIONS files are maintained online, but from the difficulties of using the system in a manner it was not designed for."). Plaintiffs have therefore failed to demonstrate the Order was either clearly erroneous or contrary to law.

**CONCLUSION**

Plaintiffs' Objection is overruled. The Clerk of Court is directed to terminate ECF No. 773.

SO ORDERED.

Dated: September 22, 2026
New York, New York

JEANNETTE A. VARGAS
United States District Judge